Douglas **LEHMANN** and Virginia Lehmann, Appellants,

v.

**HAR–CON CORPORATION, Appellee.**

No. 14–98–00666–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 18, 1999.

Howard R. King, Houston, for appellants.

James E. Simmons, Houston, for appellee.

Panel consists of Justices YATES, AMIDEI, and FOWLER.

## OPINION ON REHEARING

WANDA McKEE FOWLER, Justice.

In their motion for rehearing, Douglas and Virginia Lehmann assert that this Court erroneously dismissed their appeal for lack of jurisdiction. Although we reluctantly vote to overrule the motion, we write to address the unfortunate consequences of the application of the Texas Supreme Court's holdings in *Mafrige v. Ross,* 866 S.W.2d 590 (Tex.1993), and *Inglish v. Union State Bank,* 945 S.W.2d 810 (Tex.1997). As discussed below, this case illustrates how *Mafrige* and *Inglish* cause inequitable results. We have seen it on more than a few occasions at this Court.

In October 1995, the Lehmanns filed their original petition against both the University of St. Thomas and Har–Con Corporation (Har–Con) for injuries to Douglas Lehmann. The Lehmanns later settled their individual claims with Har–Con. In November 1997, Virginia Lehmann, as next friend of Russell Lehmann, the Lehmanns' minor son, filed a fourth amended petition adding claims for emotional injuries Russell suffered as a result of his father's injuries. Har–Con then filed a counterclaim against Virginia Lehman and a third party petition against Douglas Lehmann seeking contractual indemnity from the Lehmanns pursuant to the release they had signed in settlement of their individual claims.

On February 6, 1998, Har–Con filed a motion for summary judgment on its counterclaim and third-party claim, which the trial court granted on March 12, 1998. In granting the motion, the trial judge signed a summary judgment order containing a "Mother Hubbard" Clause: "All relief not expressly granted herein is denied." The parties and court apparently considered the summary judgment interlocutory, as evidenced by a postcard sent by the District Clerk's office advising appellant's counsel that an "Order for Interlocutory Summary Judgment" had been signed. On April 6, 1998, the trial court ordered Har–Con's claims severed from Russell Lehmann's claims against Har–Con and St. Thomas.[1] After the severance, appellants filed a notice of appeal on May 4, 1998.

On July 30, 1998, we issued our opinion dismissing the appeal for want of jurisdiction. *See* Tex.R.App. P. 42.3(a). We held that the

---

1. These facts are distinguishable from those in *Check v. Mitchell,* 758 S.W.2d 755, 756 (Tex. 1988) (holding that a modification of the judgment during the court's plenary power operates to delay commencement of the appellate timetable). In *Check,* the trial court entered a separate corrected judgment. *See id.* at 755. Here, however, there is only a severance order, entered outside the court's plenary power, without a modified judgment.

March 12, 1998, judgment was final for purposes of appeal. As a result, appellants' notice of appeal was untimely. *See* TEX. R.APP. P. 26.1. We based our holding on *Mafrige* and *Inglish*, which were intended to help litigants and courts determine when a judgment is final.

■■■■ To be a final, appealable summary judgment, the order granting the motion must dispose of all parties and all issues before the court. *See Mafrige*, 866 S.W.2d at 591. If the order does not dispose of all issues and all parties, and it is not severed, it is interlocutory and therefore not appealable. *See id.* If a summary judgment order appears to be final, however, as evidenced by language purporting to dispose of all claims or parties (e.g., a "Mother Hubbard" clause), the judgment should be treated as final for purposes of appeal. *See id.* at 592. If the judgment grants more relief than requested and a timely appeal is perfected, the summary judgment should be reversed and the cause remanded instead of dismissing the cause for want of jurisdiction. *See id.* In *Mafrige*, the supreme court made it clear that when a Mother Hubbard clause is included in a summary judgment order, the parties and the appellate courts need look only to the four corners of the summary judgment order to determine finality. *See id.*[2] Thus, *Mafrige* rejects the notion that the finality of a summary judgment depends on facts extrinsic to the summary judgment order itself.

■■■■ The supreme court recently reaffirmed that, if the summary judgment contains a Mother Hubbard clause or similar language, the judgment is final and appealable. *See Inglish*, 945 S.W.2d at 811. This is true, even when the judgment erroneously grants more relief than was requested in the motion. *See id.* When the nonmovant for summary judgment is confronted with such an order, the nonmovant must either (1) ask the trial court to correct the erroneous summary judgment while the trial court retains plenary power over its judgment, or (2) perfect a

timely appeal. *See id.* If the nonmovant does neither, the erroneous summary judgment becomes final and unappealable. *See id.* Thus, in *Inglish*, the supreme court confirmed that *Mafrige* means what it says. More recently, the supreme court reiterated, "[w]hile we recognized that a summary judgment order that does not dispose of all issues and all parties is generally interlocutory and not appealable in the absence of a severance, we held that a summary judgment order with Mother Hubbard language should be treated as final for purposes of appeal." *Bandera Elec. Coop., Inc. v. Gilchrist*, 946 S.W.2d 336, 337 (Tex.1997) (citing *Mafrige*, 866 S.W.2d at 591–92).

After *Mafrige* and *Inglish*, a party now runs the risk of waiving its appeal if it incorrectly believes that the summary judgment is interlocutory. The supreme court has deemed summary judgment orders granting more relief than requested to be, not interlocutory, but, final and erroneous. This case demonstrates the unfairness of the rule. Here, only one of two defendants moved for summary judgment. The second defendant, not having moved for summary judgment, would not be entitled to judgment under our summary judgment rule. *See* TEX. R. CIV. P. 166a. Yet, under the "bright line rule" established in *Mafrige* and *Inglish*, the second defendant was able to get a judgment 1) that it did not ask for and 2) to which the Lehmann's did not have an opportunity to respond. This is unfair. And, it seems to contradict the high standard set out in Rule 166a(b) for obtaining a summary judgment. *See id.* It exalts form over substance. Moreover, it mandates a final judgment when neither the parties nor the trial judge contemplated one.

Another problem exists. *Mafrige* is not as clear to litigants as the supreme court believes it is. For example, what if the summary judgment is entitled "Interlocutory Judgment", states in the judgment itself that only one of the defendants has moved for relief, and yet the judgment contains a Moth-

---

2. Before *Mafrige,* the parties and the appellate courts had to look at the live pleadings, the motion for summary judgment, and the summary judgment to determine whether the order was

final for purposes of appeal. *See North East I.S.D. v. Aldridge,* 400 S.W.2d 893, 898 (Tex. 1966).

er Hubbard Clause? To further complicate the issue, what if more than one plaintiff is involved in the litigation and is not a target of the motion? Common sense and the former rule would say that the judgment was interlocutory. But, *Mafrige*, very arguably, says it would be final.

In short, *Mafrige* has created several problems: 1) it is catching the parties by surprise—we have had more than a few appeals dismissed on the basis of *Mafrige*; 2) it exalts form over substance; and 3) in more than a few situations, it ignores common sense.

Under *Mafrige* and its progeny, the mere presence of the Mother Hubbard clause transforms an otherwise interlocutory summary judgment into a final judgment. Our emphasis should not be on the form of the judgment. Rather, our emphasis should be to seek the truth. The truth lies, not in the form, but in the substance of the summary judgment motion and response, together with evidence of the intent of the parties and the court.

If *Mafrige* remains the law, parties to a summary judgment proceeding should never use a Mother Hubbard Clause.[3] For, by using a Mother Hubbard Clause, they may inadvertently dismiss parties and/or causes of action never addressed or intended to be addressed in the motion. If *Mafrige* remains the law, even parties who were not the subject of a motion for summary judgment must scrutinize summary judgments to ensure that they do not contain a Mother Hubbard clause. The failure to do so, even when a motion for summary judgment was not filed against them, may mean that they find their cause of action gone.

While our result is unfortunate, it is nonetheless compelled by supreme court precedent even where, as here, the parties and court clearly considered the summary judgment interlocutory. We respectfully urge the Texas Supreme Court to reconsider the

harshness of its bright line rule imposed by *Mafrige* and its progeny.

---

**3.** In fact, in *Teer v. Duddlesten*, 664 S.W.2d 702, 704 (Tex.1984), the Supreme Court "wrote that a Mother Hubbard has 'no place' in a partial summary judgment and should not be used." *See Mafrige*, 866 S.W.2d at 592.