**Melvin G. HARRIS and Helena M. Harris, Appellants,**

v.

**HARBOUR TITLE COMPANY, Appellee.**

**No. 14–99–00034–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 8, 1999.

Jerry D. Conner, James F. Tyson, Houston, for appellants.

Paul J. McConnell III, Ben A. Baring, Houston, for appellees.

Panel consists of Chief Justice MURPHY, and Justices ANDERSON and HUDSON.

## OPINION

PER CURIAM.

This is an attempted appeal from a summary judgment signed October 15, 1998, which was purportedly made final by a default judgment signed December 14,

1998. No motion for new trial or other post-judgment motion to extend the appellate timetable was filed. Appellants filed their notice of appeal on January 8, 1999.

■ On February 25, 1999, appellee filed a motion to dismiss the appeal for want of jurisdiction because appellants did not timely file their notice of appeal. *See* TEX. R. APP. P. 26.1. The summary judgment signed October 15, 1998, contained a "Mother Hubbard" clause. *See Bandera Elec. Co-op v. Gilchrist*, 946 S.W.2d 336 n. 1 (Tex.1997) (noting that a "Mother Hubbard" clause generally recites that all relief not expressly granted is denied).

■ To be a final, appealable summary judgment, the order granting the motion must dispose of all parties and all issues before the court. *See Mafrige v. Ross*, 866 S.W.2d 590, 591 (Tex.1993). If the order does not dispose of all issues and all parties, and it is not severed, it is interlocutory and therefore not appealable. *See id.* If a summary judgment order appears to be final, however, as evidenced by language purporting to dispose of all claims or parties (e.g., a Mother Hubbard clause), the judgment should be treated as final for purposes of appeal. *See id.* at 592. If the judgment grants more relief than requested and a timely appeal is perfected, the summary judgment should be reversed and the cause remanded instead of dismissing the cause for want of jurisdiction. *See id.* In *Mafrige*, the supreme court made it clear that when a Mother Hubbard clause is included in a summary judgment order, the parties and the appellate courts need look only to the four corners of the summary judgment order to determine finality. *See id.*[1] Thus, *Maf-*

*rige* rejects the notion that the finality of a summary judgment depends on facts extrinsic to the summary judgment order itself.

■ The supreme court recently reaffirmed that, if the summary judgment contains a Mother Hubbard clause or similar language, the judgment is final and appealable. *See Inglish*, 945 S.W.2d at 811. This is true, even when the judgment erroneously grants more relief than was requested in the motion. *See id.* When the nonmovant for summary judgment is confronted with such an order, the nonmovant must either (1) ask the trial court to correct the erroneous summary judgment while the trial court retains plenary power over its judgment, or (2) perfect a timely appeal. *See id.* If the nonmovant does neither, the erroneous summary judgment becomes final and unappealable. *See id.* Thus, in *Inglish*, the supreme court confirmed that *Mafrige* means what it says. More recently, the supreme court reiterated, "[w]hile we recognized that a summary judgment order that does not dispose of all issues and all parties is generally interlocutory and not appealable in the absence of a severance, we held that a summary judgment order with Mother Hubbard language should be treated as final for purposes of appeal." *Bandera Elec. Coop.*, 946 S.W.2d at 337 (citing *Mafrige*, 866 S.W.2d at 591–92). We have applied this rule to cases involving both multiple claims and multiple parties. *See, e.g., Lehmann v. Har–Con Corp.*, 988 S.W.2d 415 (Tex. App.—Houston [14th Dist.] March 18, 1999) (op. on reh'g) (reluctantly acknowledging the court is bound to apply the supreme court's "bright line" rule).

---

1. Before *Mafrige*, the parties and the appellate courts had to look at the live pleadings, the motion for summary judgment, and the summary judgment to determine whether the or-

der was final for purposes of appeal. *See North East I.S.D. v. Aldridge*, 400 S.W.2d 893, 898 (Tex.1966).

Because the summary judgment order signed March 15, 1998, is final for purposes of appeal, appellants' notice of appeal filed January 8, 1999, is untimely. *See* TEX. R. APP. P. 26.1. Accordingly, we are without jurisdiction to consider the appeal. Appellee's motion to dismiss is granted, and all other pending motions are overruled as moot. The appeal is ordered dismissed.