Clarissa **GUAJARDO** a/k/a Clarissa Guajardo Shaw, Appellant,

v.

Tracey D. **CONWELL,** Creole Construction Co., Inc., and Wayne Paris, Appellees.

No. 14–99–01403–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 22, 2000.

Rehearing Overruled Oct. 12, 2000.

Matthew S. Muller, Houston, for appellants.

Cheryl L. Hellmann, David A. Furlow, Wayne Paris, Houston, for appellees.

Panel consists of Justices YATES, FOWLER and EDELMAN.

**OPINION**

PER CURIAM.

This is an appeal from a summary judgment. On April 14, 2000, appellee, Wayne Paris, filed a motion to dismiss the appeal for want of jurisdiction. Four days later, appellees, Tracey D. Conwell and Creole Construction Company, Inc., filed a motion to dismiss the appeal on two grounds, including that the appeal was untimely filed.

In her notice of appeal, appellant, Clarissa Guajardo, stated that the judgment appealed from was an order, dated October 15, 1999, "dismiss[ing] for want of prosecution" and "[was] the last-given order appealed from and was the first order disposing of all parties and issues in this case." This notice of appeal was filed November 11, 1999.

The alleged order of dismissal for want of prosecution consists of four sentences:

The court signed a final judgment in the case on July 9, 1999. No motion for new trial was filed. The trial court's plenary jurisdiction expired August 9, 1999. Accordingly, the court dismisses the parties' post-judgment motions for want of jurisdiction.

The judgment signed on July 9, 1999, is an order granting the summary judgment motion of appellees, Conwell and Creole Construction Company, Inc. In that order, the trial court includes Mother Hubbard language, ordering that "all relief herein not expressly granted is denied." In *Mafrige v. Ross,* 866 S.W.2d 590, 592 (Tex. 1993), the supreme court held that Mother Hubbard language, or its equivalent, makes an otherwise partial summary judgment final for purpose of appeal.

In a case with similar facts, the supreme court held that, when a summary judgment order contains language of finality, such as Mother Hubbard language, the nonmovant waives his right to appeal unless (1) he asks the trial court to correct the summary judgment while the court retains plenary power, or (2) he perfects a timely appeal of the summary judgment. *See Inglish v. Union State Bank,* 945 S.W.2d 810, 811 (Tex.1997). Because the appellant in *Inglish* did neither of these, the court held that the intermediate appellate court had erred in determining it had jurisdiction to reach the merits of the appeal. *See id.*

*Inglish* is dispositive in this case. The summary judgment contained language purporting to make the judgment final because it contained Mother Hubbard language. Accordingly, to avoid waiver, appellant was required either to ask the trial court to correct the July 9, 1999, order while the trial court retained plenary power or to perfect a timely appeal from the July 9, 1999, order. No motion for new trial was timely filed.

■ Appellant did, however, file a motion to enforce the judgment and for sanctions. A motion to enforce the judgment is not a motion that will extend the appellate deadlines, but the supreme court has held that a motion for sanctions may extend appellate timetables. *See Lane Bank Equip. Co. v. Smith Southern Equip., Inc.,* 10 S.W.3d 308 (Tex.2000).

■ In *Lane,* the supreme court held that a post judgment motion for sanctions under Rule 13 sought a substantive change to the former judgment and extended appellate timetables. *See id.* at 313. In the instant case, however, appellant sought sanctions for appellees' refusal to comply with the judgment. We find this distinguishable from the type of sanctions motion the supreme court holds extends appellate deadlines. Because the motion filed by appellant did not seek to alter the judgment, but instead sought sanctions for the failure to comply with the judgment, appellant's motion for sanctions did not extend appellate deadlines. Even if we were to find that this motion extended appellate deadlines, it would not assist ap-

pellant in this case. If appellant had filed a motion that extends appellate deadlines, the deadline for filing a timely notice of appeal would have been October 7, 1999. No motion for extension of time was filed within 15 days of October 7, 1999. Appellant filed her notice of appeal on November 11, 1999.

On April 24, 2000, the court notified appellant that we were considering appellees' motions to dismiss and the assessment of sanctions on the court's own motion. In her response, appellant presents no basis for finding that this court has jurisdiction. Appellant states that the threshold issue in this appeal turns on a matter now being considered by the supreme court in *Lehmann, et al. v. Har-Con Corp.*, 988 S.W.2d 415 (Tex.App.—Houston [14th Dist.] 1999, pet. granted). Accordingly, appellant asks that we abate until the supreme court decides the *Lehmann* case.

In *Lehmann*, a panel of this Court held that a summary judgment that did not dispose of all parties and claims, but contained a Mother Hubbard clause, was final and appealable, and therefore, appellant's notice of appeal was untimely. *See id.* at 415. The supreme court granted appellant's petition for review, but has not yet ruled. Because we cannot predict the outcome of that appeal or when the opinion will issue, we decline to delay our decision in this matter.

Furthermore, we believe our decision is *Lehmann* is consistent with supreme court precedent. In *Bandera Elec. Co-op., Inc.*

*v. Gilchrist*, 946 S.W.2d 336 (Tex.1997), the supreme court reiterated its holding in *Mafrige*:

> In *Mafrige*, this Court concluded that the inclusion of Mother Hubbard language or its equivalent in an order granting summary judgment makes an otherwise partial summary judgment final for appellate purposes. While we recognized that a summary judgment order that does not dispose of all issues and all parties is generally interlocutory and not appealable in the absence of a severance, we held that a summary judgment order with Mother Hubbard language should be treated as final for purposes of appeal.

*Gilchrist*, 946 S.W.2d at 337 (citations omitted). Although the *Gilchrist* case involved a motion for summary judgment that did not seek adjudication on all claims, rather than a party as is involved in the instant case, we find the supreme court's language quoted above to pronounce a broadly applicable rule, not limited to the facts in that case.

Other courts of appeals have applied this rule in cases where the summary judgment motion did not seek judgment as to all parties. *See John v. Marshall Health Serv., Inc.*, 12 S.W.3d 888 (Tex.App.—Texarkana 2000, no pet.); *Kaigler v. General Elec. Mortgage Ins. Corp.*, 961 S.W.2d 273 (Tex.App.—Houston [1st Dist.] 1997, no pet.).[1] For example, in *Kaigler*, the plaintiff moved for summary judgment against one of two defendants. *See* 961 S.W.2d at 274. The motion did not seek to adjudi-

---

1. *But see Lowe v. Teator*, 1 S.W.3d 819 (Tex. App.—Dallas 1999, pet. filed)(concluding that Mother Hubbard language does not always convert an otherwise interlocutory order into a final judgment); *Rodriguez v. NBC Bank*, 5 S.W.3d 756 (Tex.App.—San Antonio 1999, no pet.)(finding Mother Hubbard language ambiguous and holding that order containing this language was interlocutory); *Vanderwiele v. Llano Trucks, Inc.*, 885 S.W.2d 843 (Tex. App.—Austin 1994, no writ)(finding order that disposed of only one defendant's motion for summary judgment interlocutory despite inclusion of Mother Hubbard language). The

Beaumont Court of Appeals has added a third approach. Rather than considering the appeal and reversing as to claims or parties not adjudicated, or finding the order interlocutory and dismissing the appeal, the Beaumont court abates the appeal and orders the trial court either to "(1) enter an order severing the claims disposed of in the summary judgment order from those apparently still pending ..., or (2) enter some sort of order or judgment disposing of all of [appellant's] claims...." *Midkiff v. Hancock East Tex. Sanitation, Inc.*, 996 S.W.2d 414, 416 (Tex.App.-Beaumont 1999, no pet).

**18**

cate the plaintiff's claims against the other defendant, or this defendant's counter-claims and cross-claim. *See id.* The trial court entered an order granting the motion and included a Mother Hubbard clause. *See id.* A majority of the appellate court panel held that the judgment was final and appealable and that appellant failed to perfect a timely appeal. *See id.* at 276.

█ In the instant case, appellees, Conwell and Creole, moved for summary judgment on all of appellant's claims against them. Although the intervenor, Wayne Paris, filed a motion for summary judgment before the trial court issued judgment, the judgment did not dispose of Paris' motion. The trial court's order specifically states it concerns Conwell and Creole's motion, but it also contains Mother Hubbard language, evidencing its intent to render a final judgment. *See Gilchrist,* 946 S.W.2d at 337.[2]

Because the trial court's judgment clearly evidences its intent to render a final judgment, we hold that the trial court's judgment of July 9, 1999, was final and appealable. Therefore, appellant's notice of appeal, filed on November 11, 1999, was untimely.

█ In our notice to appellant that we would consider dismissal of the appeal, we

also advised appellant that we were considering imposition of sanctions under Rule 45. Appellant's response regarding jurisdiction did not address the possibility of sanctions. The decision to grant sanctions is one within our discretion, which we exercise with prudence and caution, after careful deliberation. *See Chapman v. Hootman,* 999 S.W.2d 118, 124 (Tex. App.—Houston [14th Dist.] 1999, no writ). We will impose sanctions only in circumstances that we find to be truly egregious. *See id.* In determining whether sanctions are appropriate, we consider the record from appellant's point of view at the time appeal was perfected. *See id.* Among the factors to consider are whether appellant had a reasonable expectation of reversal and whether he pursued the appeal in bad faith. *See id.*

In applying these factors, we acknowledge that case law from the various courts of appeals are inconsistent in their interpretations of *Mafrige. Compare Rodriguez,* 5 S.W.3d at 763–64 *with John,* 12 S.W.3d at 889–90. Although we believe supreme court authority clearly mandates a finding that appellant's notice of appeal in this case was untimely filed, we decline to find that this renders the appeal frivolous given the conflicting case law on this issue.[3]

2. Although we do not agree with *Sheerin v. Exxon Corp.,* 923 S.W.2d 52 (Tex.App.—Houston [1st Dist.] 1995, no writ) that a trial court's post-judgment actions can change the finality evidenced in an order including Mother Hubbard language, we believe the finding of finality may be strengthened by post-judgment actions of the trial court supporting his intent to render a final judgment. In the instant case, the trial court entered a post-judgment order stating that the July 9, 1999, order was a final judgment and that the trial court lost plenary power on August 9, 1999.

3. Despite our decision not to impose sanctions, other conduct by appellant merits further discussion. In her notice of appeal, appellant stated that the appeal was from an order dismissing the case for want of prosecution. A reading of the short order of the trial court clearly indicates that it is not a dismiss-

al for want of prosecution. Furthermore, appellant stated to this court in her docketing statement that a motion to modify had been filed. The record reveals no motion to modify. Instead, appellant filed a motion to enforce the judgment and for sanctions against appellees for failure to comply with the judgment. As we concluded earlier in this opinion, appellant's postjudgment motion does not constitute a motion to modify the judgment.

The Disciplinary Rules mandate that a lawyer shall not knowingly make a false statement of material fact to a tribunal. *See* TEX. DISCIPLINARY R.PROF'L CONDUCT 3.03(a)(1), *reprinted in* TEX.GOV'T CODE ANN., TIT 2, SUBTIT G., APP. A (Vernon 1998)(Tex.State Bar R. art. 10, § 9). Appellant's misstatements violate the spirit, if not the letter, of this disciplinary rule.

Having found that appellant's notice of appeal was untimely filed, we grant appellees' motions to dismiss and we dismiss the appeal for lack of jurisdiction.