**HARRIS COUNTY, Appellant,**

v.

**Johnny NASH, Appellee.**

No. 14–99–00657–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 18, 2000.

Rehearing Overruled July 27, 2000.

---

Sandra D. Hachem, Nick Turner, Houston, for appellants.

Mark Omar Midani, Houston, for appellees.

Panel consists of Justices MAURICE E. AMIDEI, ANDERSON, and WITTIG.

## OPINION

MAURICE E. AMIDEI, Justice.

Harris County appeals the trial court's denial of its plea to the jurisdiction. Appellant filed an interlocutory appeal pursuant to TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.1999). In one point of error, appellant asserts that the trial court erred in denying its plea to the jurisdiction because the court's plenary jurisdiction had expired. For the reasons stated below, we reverse the judgment of the trial court.

## BACKGROUND

Johnny Nash was employed as a Harris County Sheriff's Deputy from 1988 until he was terminated on April 4, 1997. On December 23, 1997, Nash brought suit alleging numerous claims of employment discrimination and retaliation against Harris County, the Harris County Sheriff's Department, the Civil Service Commission, and several Harris County officials in their individual and official capacities. On October 1, 1998, the defendants filed a motion for summary judgment and plea to the jurisdiction. On November 5, 1998, the

trial court granted the motion for summary judgment as to all the county officials sued in their individual and official capacities. The order reads as follows:

> On this day came to be heard Defendants Sheriff Tommy Thomas, Chief Deputy D.V. McKaskle, Deputy Russell D. Baker, Henry Oncken's Motion for Summary Judgment and Plea to the Jurisdiction. Having considered the pleadings, evidence and argument of counsel, this Court finds there is no issue of material fact and that Defendants Sheriff Tommy Thomas, Chief Deputy D.V. McKaskle, Deputy Russell D. Baker, Henry Oncken, in their individual and official capacities, are entitled to judgment as a matter of law.
>
> IT IS THEREFORE ORDERED that Judgment be entered and it is hereby ordered that Plaintiff Johnny Nash take nothing against Defendants Sheriff Tommy Thomas, Chief Deputy D.V. McKaskle, Deputy Russell D. Baker, Henry Oncken, in their individual and official capacities, and that all costs of court are to be paid by the Plaintiff. All relief not granted herein is hereby denied.
>
> SIGNED this 5th day of November, 1998.

The order on its face does not purport to grant relief to Harris County, the Harris County Sheriff's Department, or the Civil Service Commission. Unsure as to whether the order constituted a partial or final summary judgment, respondent filed a Motion for New Trial on December 4, 1998. According to respondent, the trial court found that the order was only a partial summary judgment and declared that the Motion for New Trial was premature. We note that there is nothing in the record to verify this claim. Pursuant to TEX.R. CIV. P. 329b(c), the motion for new trial was overruled by operation of law on January 19, 1999, seventy-five days after the judgment was signed. Respondent did not file a notice of appeal. The trial court signed an order denying the motion for new trial on February 20, 1999.

On March 11, 1999, appellant filed a plea to the jurisdiction asserting that the trial court no longer had jurisdiction on February 20, when it ruled on the motion for new trial. Appellant contended that the order signed on November 5, 1999 was a final judgment and that the trial court's plenary jurisdiction expired 105 days later, on February 18, 1999. *See* TEX.R. CIV. P. 329b(e). Appellant reasoned that 1) the judgment rendered in favor of the county officials in their individual and official capacities represented a judgment in favor of Harris County and all the individuals sued in Nash's suit, and 2) the Mother Hubbard clause in the order ensured entry of final judgment by expressly denying all claims for relief not granted in the order. The trial court denied appellant's plea to the jurisdiction.

On July 19, 1999, respondent filed a Motion to Enter Interlocutory Judgment. Respondent contended that 1) the order signed on November 5, 1998 was only an order and did not constitute a judgment, and 2) the order should be clarified or vacated, and a new order entered to better reflect the trial court's prior rulings. On July 29, 1999 the trial court, presided over by a new judge, granted respondent's Motion to Enter Interlocutory Judgment. In accordance with the motion, the trial court granted an Interlocutory Judgment as to defendants Sheriff Tommy Thomas, Chief Deputy D.V. McKaskle, Deputy Russell Baker, and Henry Oncken in their individual and official capacities.

## DISCUSSION

Appellant proffers two arguments in support of its contention that the trial court lost its plenary jurisdiction. First, Harris County claims that the granting of relief to individuals in their official capacity is equivalent to a grant of relief for the governmental entity. Second, Harris County asserts that the inclusion of the Mother Hubbard clause in the summary

judgment rendered the summary judgment a final judgment as to all claims and all parties. For purposes of this appeal, we need only address appellant's second argument.

Appellant argues that *Mafrige v. Ross,* 866 S.W.2d 590 (Tex.1993), and *Inglish v. Union State Bank,* 945 S.W.2d 810 (Tex. 1997), compel the conclusion that the November 5 order was final because of its Mother Hubbard language and appealable as to all parties and issues. Consequently, the trial court lost jurisdiction in this cause following the expiration of the trial court's plenary power. Respondent, on the other hand, argues that the November 5 judgment disposed only of the claims against the individual defendants and preserved the claims against the governmental entities. Citing the trial court's July 29, 1999 order as proof the trial court did not intend to issue a final judgment as to all parties in this lawsuit, respondent argues that applying *Mafrige* and *Inglish* to the case at hand elevates form over substance and would work an injustice.

▇▇▇ As *Mafrige* and *Inglish* make clear, the intent of the trial court is not the controlling consideration in determining whether a judgment is final. Rather, if a judgment contains language purporting to grant or deny relief that disposes of all claims or parties, regardless of the intent of the parties or the trial court, that judgment is final as to all claims and all parties. *See Inglish,* 945 S.W.2d at 811; *Mafrige,* 866 S.W.2d at 592. The Texas Supreme Court stated, "[T]he inclusion of Mother Hubbard language or its equivalent in an order granting summary judgment makes an otherwise partial summary judgment final for appellate purposes." *Bandera Electric Cooperative, Inc. v. Gilchrist,* 946 S.W.2d 336, 337 (Tex.1997). The Court based the rule on its practical application and effect: "litigants should be able to recognize a judgment which on its face purports to be final, and courts should be able to treat such a judgment as final for purposes of appeal." *Inglish,* 945 S.W.2d at 811 (quoting *Mafrige,* 866 S.W.2d at 592).

Our sister court in *Kaigler v. General Electric Mortgage Insurance Corporation,* 961 S.W.2d 273 (Tex.App.-Houston [1st Dist.] 1997, no writ) discussed a similar situation to ours, holding that "The issue in this appeal is whether a Mother Hubbard clause in a summary judgment disposes of all parties and all issues in a case. We conclude that the answer is yes." *Id.* at 273–74. The *Kaigler* court then declared that the summary judgment containing a Mother Hubbard clause was an appealable final judgment despite the fact that the summary judgment document did not specifically mention all the parties. *Id.* at 276.

This court ruled in a similar manner in *Lehmann v. Har–Con Corp.,* 988 S.W.2d 415 (Tex.App.-Houston [14th Dist.] 1999, pet. granted).[1] *Lehmann* dealt with a summary judgment order which the parties and the court apparently considered to be interlocutory. However, the summary judgment signed by the judge contained a Mother Hubbard clause: "All relief not expressly granted herein is denied." Even though the order did not dispose of all parties, we held that the summary judgment order containing Mother Hubbard language should be treated as final for purposes of appeal. *See id.* at 417.

▇▇▇ Failure to file a notice of appeal from a carelessly worded judgment in a timely manner has harsh consequences. However, such a bright line rule serves the purpose of providing a clear means by which the parties and the courts may determine whether a summary judgment order is final for purposes of appeal. Before

---

1. Two cases have been recently argued before the Texas Supreme Court that may affect this opinion as to the application of *Mafrige. Lehmann v. Har–Con Corp.,* 988 S.W.2d 415 (Tex. App.-Houston [14th Dist.] 1999, pet. granted); *Harris v. Harbour Title Co.,* No. 14–99–00034– CV, 1999 WL 211859 (Tex.App.-Houston [14th Dist.] April 8, 1999, pet. granted) (not designated for publication). Because we cannot predict the outcome of those appeals or when the opinions will be issued, we will not delay our decision in this matter.

*Mafrige,* the parties and the appellate courts had to look at the live pleadings, the motion for summary judgment, and the summary judgment order to determine whether the order was final for purposes of appeal. *See Kaigler,* 961 S.W.2d at 275. As it now stands, in order to remedy a carelessly worded judgment, the nonmovant is required to either 1) ask the trial court to correct the summary judgment containing the Mother Hubbard language while the trial court retains plenary power, or 2) perfect a timely appeal of that judgment. *See Inglish,* 945 S.W.2d at 811.

We are bound by the law as set out in *Mafrige* and its progeny and by our own precedent as set out in *Lehmann.* A trial court has plenary jurisdiction over its judgment until it becomes final. *See Fruehauf Corp. v. Carrillo,* 848 S.W.2d 83, 84 (Tex.1993) (per curiam). On the authority of our 1999 *Lehmann* decision, we hold in the present case that the trial court incorrectly denied appellant's plea to the jurisdiction. Under *Lehmann,* the summary judgment order of November 5, 1998 was final. As such, the trial court's plenary jurisdiction ended on February 18, 1999, 30 days after the motion for new trial was overruled by operation of law. *See* Tex.R. Civ. P. 329b(e). Respondent did not ask the trial court to correct the summary judgment containing the Mother Hubbard language until July 19, 1999, well after the trial court lost its plenary power. Any action taken by the trial court after the expiration of its plenary jurisdiction is void. *See Jackson v. Van Winkle,* 660 S.W.2d 807, 808 (Tex.1983). Therefore, we sustain appellant's point of error.

We reverse the trial court's order denying Harris County's plea to the jurisdiction, and we set aside the actions of the trial court dated after February 18, 1999 for lack of jurisdiction.

J. WITTIG dissents without an opinion.