Affirmed and Opinion filed March 16, 2004












Dismissed and Memorandum Opinion filed June 10, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00978-CV

____________

 

SAM BROWN, Appellant

 

V.

 

GLORIA J. BROWN, Appellee

 



 

On Appeal from the 246th District Court

Harris County, Texas

Trial Court Cause No. 02–04568

 



 

M E M O R A N D U M   O
P I N I O N

            Appellant, Sam Brown, attempts to appeal from the trial
court’s order granting Gloria J. Brown’s motion for new trial.  In six points of error, appellant complains
the trial court erred in granting appellee’s motion for new trial.  We dismiss the appeal and grant appellee’s
request for sanctions under Rule 45 of the Rules of Appellate Procedure for
filing a frivolous appeal.

            The record reflects a trial was held in the Brown’s
divorce suit on December 9, 2002.  Judge
Don Ritter presided over the trial.  A
final judgment was signed on December 27, 2002. 
Gloria Brown filed a motion for new trial on January 15, 2003,
complaining of the court’s division of community assets.  A hearing on the motion, conducted by Judge
Jim York, was held February 4, 2003. 
After considering the appellee’s motion, Judge York granted her request
for a new trial on February 4, 2003.  A
second trial was held on June 16, 2003, and a final judgment was signed on July
25, 2003.

            In six points of error, appellant contends the trial
court erred in granting appellee’s motion for new trial.  However, it is well-established that “[a]n
order granting a new trial is an unappealable, interlocutory order.”  Fruehaf
Corp. v. Carrillo, 848 S.W.2d 83, 84 (Tex. 1993) (per curiam).  Moreover, the trial court acted within the
time of its plenary power when it granted the motion.[1]  Accordingly, we have no jurisdiction to
entertain the appeal.

            Appellee has requested sanctions for the filing of a
frivolous appeal.  The Rules of Appellate
Procedure provide: “If the court of appeals determines that an appeal is
frivolous, it may—on motion of any party or on its own initiative, after notice
and a reasonable opportunity for response—award each prevailing party just
damages.”  Tex. R. App. P. 45. 
Generally, a court should only impose sanctions in the most egregious
circumstances.  Conseco Fin. Servicing v. Klein Indep. Sch. Dist., 78 S.W.3d 666,
667 (Tex.
App.―Houston [14th Dist.] 2002, no pet.). 
Sanctions are not appropriate in circumstances where the appellant is
acting in good-faith and has a reasonable basis in law to challenge the trial
court’s judgment.  Id.;
see also Nguyen v. Intertex, Inc., 93
S.W.3d 288, 300 (Tex. App.―Houston [14th Dist.] 2002, no pet.) (declining
to find the appeal was brought in bad faith where it involved the confusing
distinction between void and voidable judgments); Smith v. Brown, 51 S.W.3d 376, 382 (Tex. App.―Houston [1st
Dist.] 2001, pet. denied) (imposing sanctions on “vexatious litigant” who did
not provide a proper legal basis to establish why claims were not barred by res
judicata); Guajardo v. Conwell, 30
S.W.3d 15, 18 (Tex. App.―Houston [14th Dist.] 2000), aff’d, 46 S.W.3d 862 (Tex. 2001) (declining to award sanctions in
light of conflicting law on the subject).

When considering the
imposition of sanctions we must consider the record from the appellant’s point
of view.  Nguyen, 93 S.W.3d at 300. 
However, we previously found an appeal objectively unreasonable when a
party filed an interlocutory appeal from the denial of a motion for summary
judgment where there was no statutory authority to do so.  Bridges
v. Robinson, 20 S.W.3d 104, 117 (Tex.
App.―Houston [14th Dist.] 2000, no pet.). 
Here, appellant not only had no authority to pursue an appeal from the
granting of a motion for new trial, it is readily evident from the record that
appellant’s counsel was aware of this potential difficulty even before he filed
his notice of appeal.  When the trial
court granted appellee’s motion for new trial, appellant’s counsel asked:

MR.
BATCHAN:  Is this decision appealable?

THE
COURT:  I don’t practice law
anymore.  I just rule.

MR
BATCHAN:  Well, if it is appealable, I
want to give notice right now.

THE
COURT:  Yes, sir.  Notice is given that Mr. Batchan is––I’m not
sure you can appeal an overruling of a––or a granting of a motion for new
trial, but good luck.

In
support of the motion for sanctions, appellee’s counsel has filed an affidavit
in which he alleges that his fee for preparing appellee’s brief in this case
was $2,500 plus $80 in out-of-pocket expenses for copying, binding, delivery,
and certified mail costs.  The motion for
sanctions has been on file for more than 30 days and appellant has filed no
response.

Appellee’s
motion for sanctions is granted.  We find
just and reasonable damages to be $2,580. 
Moreover, we order appellant not only to pay appellee such damages, but
to also pay interest at the rate of ten percent (10%) per annum from the date
of this court’s mandate until the damages are paid in full.

Appellant’s
appeal is dismissed for want of jurisdiction.

 

                                                                                    

                                                                        /s/        J. Harvey Hudson

                                                                                    Justice

 

 

Appeal Dismissed and Memorandum Opinion filed
June 10, 2004.

Panel consists of Justices Yates, Anderson,
and Hudson.











[1] A motion for new trial is timely if filed
thirty days from the date the judgment is signed.  Tex.
R. Civ. P.329b(a).  A trial court
has plenary power to grant a motion for new trial within thirty days of the
filing of such motion.  Tex. R. Civ. P. 329b(e).