



# MEMORANDUM OPINION

No. 04-12-00133-CV

**MATINEE MEDIA CORP.**, Magnolia Radio Corp., Rick Deitrick, and Greg Shapiro,
Appellants

v.

Eugenio **FALCON**, Antonio Falcon, Eloy Vera, Juan D. Posada, Jose Vasques,
Karina Mascorro, and William Smith,
Appellees

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. DC-11-322
Honorable Ana Lisa Garza, Judge Presiding

Opinion by:  Catherine Stone, Chief Justice

Sitting:  Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  August 1, 2012

AFFIRMED

Matinee Media Corp., Magnolia Radio Corp., Rick Deitrick, and Greg Shapiro appeal the

trial court's order granting injunctive relief, asserting: (1) the trial court abused its discretion

because no evidence was presented in support of the injunctive relief granted; (2) the order was

signed after the trial court's plenary power had expired; (3) the order deprived the appellants of

due process of law; and (4) compliance with the order is inconsistent with an order from another

court appointing a receiver as to Matinee Media Corp.  We affirm the trial court's order.

## PROCEDURAL BACKGROUND

On September 22, 2011, the trial court verbally dismissed the underlying cause with prejudice because the parties had entered into a settlement agreement. The trial court signed the dismissal order on December 8, 2011. On January 3, 2012, the appellees filed a motion to enforce the settlement agreement. The trial court held a hearing on the motion on February 1, 2012. The trial court requested supplemental briefing from the parties and subsequently signed an order on February 28, 2012, enjoining appellants from paying creditors and compelling certain actions. On March 2, 2012, the appellees filed a notice of appeal. On March 3, 2012, appellees filed a petition for writ of mandamus, which was subsequently denied. *See In re Matinee Media Corp.*, No. 04-12-00135-CV, 2012 WL 1654940 (Tex. App.—San Antonio May 9, 2012, orig. proceeding).

## PLENARY JURISDICTION

In their second issue, appellants contend the trial court's plenary jurisdiction expired on January 7, 2012; therefore, the trial court was without jurisdiction to sign the February 28, 2012 order. Appellants assert that the appellees' motion to enforce was not a motion to modify that extended the trial court's plenary jurisdiction. The appellees respond that their motion to enforce extended the trial court's plenary jurisdiction.

In *Lane Bank Equip. Co. v. Smith Southern Equip. Co.*, the Texas Supreme Court considered "whether a timely filed postjudgment motion seeking to add an award of sanctions to an existing judgment extends the thirty-day period in which a trial court may exercise plenary power over its judgment." 10 S.W.3d 308, 309 (Tex. 2000). The court noted that a trial court's plenary jurisdiction may be extended by timely filing an appropriate postjudgment motion, like a motion to modify, correct, or reform the judgment pursuant to Rule 329b(g) of the Texas Rules

of Civil Procedure. *Id*. at 310. The court held "a timely filed postjudgment motion that seeks a substantive change in an existing judgment qualifies as a motion to modify under Rule 329(b)(g), thus extending the trial court's plenary jurisdiction." *Id*. at 314.

The motion to enforce filed by the appellees is entitled, "Motion to Enforce Settlement Agreement and Applications for Declaratory Judgment, Temporary Restraining Order, and Temporary Injunction." The motion requests the trial court to "order specific performance" of the terms of the settlement agreement and to "enjoin Defendants from making any other payments to creditors in violation of the settlement agreement." The motion prays that the court enter an order restraining the appellants from certain acts while compelling the appellants to perform other acts. The motion further prays for a declaratory judgment or other order compelling certain acts.

Each of the requests or orders sought by the appellees would result in a "substantive change" in the trial court's existing order which dismissed the underlying cause. Accordingly, we hold the motion qualifies as a motion to modify under Rule 329(b)(g). *See Lane*, 10 S.W.3d at 314.

Although two of our sister courts have held that a motion to enforce does not extend plenary jurisdiction, we find those opinions distinguishable or unpersuasive. *See Miranda v. Wilder*, No. 05-09-00976-CV, 2010 WL 4612082 (Tex. App.—Dallas Nov. 16, 2010, no pet.); *Guajardo v. Conwell*, 30 S.W.3d 15 (Tex. App.—Houston [14th Dist.] 2000), *aff'd*, 46 S.W.3d 862 (Tex. 2001). In *Guajardo*, the Houston court held that a notice of appeal was untimely filed and dismissed the appeal for lack of jurisdiction. 30 S.W.3d at 19. In analyzing the timeliness of the appeal, the court stated that a motion to enforce filed by the appellant seeking sanctions for the failure to comply with the trial court's judgment was not a motion to modify that would

extend appellate deadlines because it did not seek to modify the judgment. 30 S.W.3d at 16. Although *Guajardo* addresses a motion to enforce, the motion in that case, unlike the motion in the instant case, did not seek to alter the judgment. Because the motion in the instant case did seek to alter the judgment, *Guajardo* is distinguishable.

In *Miranda*, the parties entered into a settlement on March 26, 2009, requiring in one provision that the plaintiffs' attorney "make a payment to Defendant and or his insurer" to pay for a sanction awarded against the plaintiffs' attorney during the course of the proceedings. 2010 WL 4612082, at *1. On April 14, 2009, the plaintiffs' attorney made a check out to the defendant and his insurer in accordance with the terms of the settlement agreement. *Id*. On April 15, 2009, the trial court entered an order granting the plaintiffs' motion for nonsuit and dismissing their claims with prejudice. *Id*. Thirty days later, on May 15, 2009, the defendant's attorney filed a motion to enforce, stating the check from the plaintiffs' attorney could not be negotiated because the defendant was deceased and requesting the trial court to order the plaintiffs' attorney to re-issue a check made out solely to the defendant's insurance company. *Id*. On July 17, 2009, the trial court granted the motion to enforce and ordered the plaintiffs' attorney to re-issue the check. *Id*.

On appeal, the plaintiffs argued that the order was void because the trial court's plenary power had expired. *Id*. The Dallas court vacated the trial court's order, reasoning that the motion to enforce did not seek a substantive change in the trial court's existing judgment; therefore, it did not extend the trial court's plenary jurisdiction. *Id*. at *2. The court's analysis focuses on the motion to enforce seeking sanctions for the attorney's fees to prepare, file, and prosecute the motion to enforce. *Id*. The court does not address whether changing the trial court's existing order from an order of dismissal to an order requiring the plaintiffs' attorney to

re-issue a check would constitute a substantive change. *Id*. Therefore, we are not persuaded by the court's reasoning.

Because the appellees' motion to enforce sought a substantive change in the trial court's existing dismissal order, the motion extended the trial court's plenary jurisdiction. *See Lane*, 10 S.W.3d at 314. Accordingly, we overrule the appellants' contention that the order is void.

## DUE PROCESS

In their third issue, the appellants assert that they were deprived of due process because the appellees' claim for breach of the settlement agreement "should have been properly brought in a new lawsuit wherein Appellants would be afforded all due process of law to which they are entitled." The appellants contend that the "alleged breach of settlement agreement is a new cause of action, requiring a new lawsuit, because the underlying lawsuit was fully adjudicated." The appellees respond that filing the breach of contract claim in the underlying cause was the proper procedure. We agree with the appellees.

The Texas Supreme Court has expressly stated, "Where the settlement dispute arises while the trial court has jurisdiction over the underlying action, a claim to enforce the settlement agreement should, if possible, be asserted in that court under the original cause number." *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996). In this case, appellees' motion to enforce served the dual purpose of extending the trial court's plenary jurisdiction and of pleading a claim for breach of the settlement agreement. *See Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009) (holding motion to enforce sufficient as a pleading to support a judgment for breach of contract); *Neasbitt v. Warren*, 105 S.W.3d 113, 117-18 (Tex. App.—Fort Worth 2003, no pet.) (same). Accordingly, seeking to enforce the settlement agreement by filing

the motion to enforce in the underlying cause was the proper procedure for appellees to follow and did not deprive the appellants of due process of law.

### INJUNCTIVE RELIEF

In their first issue, appellants contend the trial court abused its discretion in issuing the injunctive relief stated in the order. Specifically, the appellants assert the trial court erred in granting injunctive relief because the appellees "failed to show a probable right to recovery and irreparable harm" because no evidence was presented at the hearing. The appellees respond that the record contains sufficient evidence to uphold the trial court's ruling.

"Whether to grant or deny a temporary injunction is within the trial court's sound discretion." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). "A reviewing court should reverse an order granting injunctive relief only if the trial court abused that discretion." *Id*. "The reviewing court must not substitute its judgment for the trial court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion." *Id*. "An abuse of discretion does not exist where the trial court bases its decisions on conflicting evidence." *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978).

"To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Butnaru v. Ford Motor Co.*, 84 S.W.3d at 204. "An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard." *Id*. A probable right to the relief sought is shown by presenting evidence that tends to sustain the alleged cause of action. *T-N-T Motorsports, Inc. v. Hennessey Motorsports, Inc.*, 965 S.W.2d 18, 23-24 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd). "The applicant is not required to

establish that he will finally prevail in the litigation." *Pharaoh Oil & Gas, Inc. v. Ranchero Esperanza, Ltd.*, 343 S.W.3d 875, 880 (Tex. App.—El Paso 2011, no pet.).

The record of the hearing before the trial court establishes that the trial court was handed a copy of the Mutual Release and Settlement Agreement which also was attached to the appellees' motion to enforce. Appellees' counsel asserted that the notices to be sent for a shareholder's meeting to be held on November 4, 2011, as required by paragraph 1 of the settlement agreement, were not sent. Appellees' counsel also asserted that the board had not been expanded to five members, as required by paragraph 2 of the settlement agreement. Although an attorney's statements generally must be under oath to be considered evidence, "the opponent of the testimony can waive the oath requirement by failing to object when the opponent knows or should know that an objection is necessary." *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997). In this case, the appellants' attorney should have known to object to the unsworn statements of appellees' counsel. In fact, appellants' attorney acknowledged that appellees' counsel was testifying as to facts, stating, "The four things that were mentioned by Ms. Perez, they are just facts, of course we dispute them, but the reality is —." Accordingly, the record contained evidence that tended to sustain appellees' claim for breach of the settlement agreement, and the trial court did not abuse its discretion in determining that the appellees had established a probable right to the relief sought.

With regard to irreparable injury, appellees' counsel informed the court that instead of noticing the shareholders' meeting to elect individuals to fill the five positions on the expanded board of directors, as required by paragraphs 2 and 3 of the settlement agreement, the appellants were "proposing to assign their own, uh, directors to those positions, to four positions and not to the five as agreed upon." In addition, appellees' counsel informed the court that the settlement

agreement required the consent of the new board before creditors could be paid, but without obtaining such consent the appellants settled a lawsuit for a six figure sum and refused to disclose those settlement terms to the shareholders. Based on this evidence, we cannot conclude that the trial court abused its discretion in finding a probable, imminent, and irreparable injury by concluding that the appellees' injury could not "be adequately compensated in damages" or damages could not "be measured by any certain pecuniary standard." *Butnaru v. Ford Motor Co.*, 84 S.W.3d at 204.

## RECEIVER

In their final issue, the appellants state there is confusion about how to comply with the trial court's order since a receiver was appointed as to Matinee Media in another cause pending in Travis County. The appellants "pray for guidance from this court" about "whether Appellants are bound to comply with the trial court's order despite the Receivership order." This court, however, is constitutionally precluded from issuing advisory opinions on abstract questions. *See City of Houston v. Williams*, 353 S.W.3d 128, 145 (Tex. 2011). Accordingly, this court cannot provide the guidance requested by the appellants.

## CONCLUSION

The trial court's order is affirmed.

Catherine Stone, Chief Justice