Leslie **SPRINGER** and the Jackson Estate, Petitioner,

v.

Louis **SPRUIELL**, Respondent.

Leslie **SPRINGER** and the Jackson Estate, Petitioner,

v.

**FIRST NATIONAL BANK OF PLAINVIEW**, Texas and Cowles Liipfert, Trustee for the Francis Adair Jones Trust, Respondents.

Nos. D–3803, D–3804.

Supreme Court of Texas.

Nov. 24, 1993.

Donald M. Hunt and Gary M. Bellair, Lubbock, Joseph Stephen Stokes, Plainview, for petitioners.

Bill LaFont, Lanny Voss and Lowell Kregg Hukill, Plainview, Cecil Kuhne and Layton Z. Woodul, Sr., Lubbock, for respondents.

PER CURIAM.

The court of appeals consolidated these two appeals and dismissed them for want of jurisdiction as appeals of interlocutory orders. In its originally unpublished opinion the court of appeals concluded that summary judgments reciting that plaintiffs "have and recover nothing" do not dispose of all claims asserted by plaintiffs because summary judgment procedure does not presume all issues and claims are reached. 866 S.W.2d 626. Since that court's disposition, however, we have issued our opinion in *Mafrige v. Ross*, 866 S.W.2d 590 (Tex.1993), which holds that such express language purporting to dispose of all claims makes the summary judgment final and appealable. Without hearing argument, a majority of the court grants the applications for writ of error, reverses the judgments of the court of appeals dismissing the appeals, and remands the causes, as consolidated, to the court of appeals for further proceedings consistent with this opinion and *Mafrige.* TEX.R.APP.P. 170.