Robert B. INGLISH, Petitioner,

v.

UNION STATE BANK, Respondent.

No. 96–0096.

Supreme Court of Texas.

Jan. 10, 1997.

Rehearing Overruled June 20, 1997.

Charles L. Smith, Bellville, for Petitioner.

David S. Elder, Houston, for Respondent.

PER CURIAM.

This case comes before us on appeal of the trial court's summary judgment favoring Union State Bank. The court of appeals affirmed. 911 S.W.2d 829. We reverse the judgment of the court of appeals and render judgment dismissing the appeal for want of jurisdiction.

Inglish purchased 400 head of cattle from Larry Janssen, whom Inglish believed had the authority to act on behalf of HK Ranch. The agreement was between Inglish and Janssen, d/b/a HK Ranch. After receiving notice that Union State Bank had a lien on cattle owned by Janssen, Inglish contacted Clem Boettcher, the Bank's president. Boettcher told Inglish that the Bank had a lien on Janssen's cattle, but no lien on the cattle HK Ranch owned. Inglish later discovered that both Janssen and HK Ranch, as well as other parties, owned cattle with the HK brand.

Ultimately, the Bank declared Janssen in default on loans secured by the Bank's lien. The Bank sued Janssen, Inglish, and others who claimed ownership in the cattle, seeking a declaratory judgment on the competing claims. Inglish counterclaimed against the Bank for breach of contract, violations of the Deceptive Trade Practices—Consumer Protection Act (DTPA), fraud, negligence, wrongful sequestration, and tortious interference with contract. The trial court severed Inglish's counterclaim from the original suit when the parties settled the claims pertaining to ownership of the cattle. This appeal is from the severed counterclaim.

The Bank filed two motions for summary judgment against Inglish, both of which the trial court granted. The first motion, grant-

ed January 14, 1994, addressed only the DTPA, negligence, and fraud claims. However, the accompanying order stated that "defendant is entitled to summary judgment in this case" and that Inglish should "take nothing on account of his lawsuit against [the Bank]." Inglish did not appeal this order. The second motion addressed Inglish's remaining claims. With the second motion, granted May 9, 1994, the trial court also granted Inglish's motion for judgment nunc pro tunc, which purported to correct the first judgment to reflect that it was only a partial summary judgment. The trial court then rendered judgment for the Bank on all of Inglish's claims. Reviewing the second order granting summary judgment, the court of appeals affirmed. 911 S.W.2d 829. Inglish filed an application for writ of error in this Court. The Bank has moved to dismiss the appeal on the ground that the court of appeals had no jurisdiction over the merits because Inglish did not timely perfect his appeal.

We considered the finality of summary judgments in *Mafrige v. Ross,* 866 S.W.2d 590 (Tex.1993). The question in *Mafrige* was whether a Mother Hubbard clause or its equivalent in a summary judgment order makes an otherwise partial summary judgment final for the purpose of an appeal. The court of appeals held that the order was interlocutory and dismissed the appeal for want of jurisdiction. We reversed the court of appeals' judgment and stated:

> If a summary judgment order appears to be final, as evidenced by the inclusion of language purporting to dispose of all claims or parties, the judgment should be treated as final for purposes of appeal. If the judgment grants more relief than requested, it should be reversed and remanded, but not dismissed. We think this rule to be practical in application and effect; litigants should be able to recognize a judgment which on its face purports to be final, and courts should be able to treat such a judgment as final for purposes of appeal.

*Mafrige,* 866 S.W.2d at 592.

 In the present case, the court of appeals held that the judgment was interloc-

utory, even though it appears on its face to be final. The court of appeals interpreted *Mafrige* as instituting merely a presumption of finality when a summary judgment purporting to be final is presented for appellate review. 911 S.W.2d at 833. Reading *Mafrige* narrowly, the court of appeals refused to apply it to a situation in which the summary judgment appeared final but was not appealed. This was error.

Inglish's petition alleged six causes of action against the Bank: DTPA, negligence, fraud, breach of contract, wrongful sequestration, and tortious interference. Although the Bank's first summary judgment motion attacked only the DTPA, fraud, and negligence claims, the trial court recited that "there is no genuine issue of any material fact and that the Defendant is entitled to summary judgment in this case" and ordered "that the Plaintiff ... take nothing on account of his lawsuit against Defendant." Although the order does not contain a true Mother Hubbard clause, it clearly purports to be final. *See Mafrige,* 866 S.W.2d at 590 n. 1; *see also Springer v. Spruiell,* 866 S.W.2d 592, 593 (Tex.1993) (per curiam) (concluding that recitation stating plaintiffs shall "have and recover nothing" disposed of all claims asserted by plaintiffs and made summary judgment final and appealable). Therefore, under *Mafrige,* the first summary judgment order in this case was final and appealable. To avoid waiver, Inglish was required either to ask the trial court to correct the first summary judgment while the court retained plenary power or to perfect a timely appeal of that judgment. Because he did neither, the court of appeals was without jurisdiction to decide the merits of his appeal.

For these reasons, the Court grants the Bank's motion to dismiss this appeal and, without hearing oral argument, reverses the judgment of the court of appeals and renders judgment dismissing this appeal for want of jurisdiction. *See* TEX.R.APP.P. 170.