**Roger HUFFINE, Appellant,**

**v.**

**TOMBALL HOSPITAL AUTHORITY d/b/a Tomball Regional Hospital, Appellee.**

No. 14–97–00351–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 7, 1997.

Jane Williams, Houston, for appellant.

Mary K. Evans, Raina S. Newsome, Houston, for appellee.

Before YATES, HUDSON and FOWLER, JJ.

## OPINION

PER CURIAM.

This is an appeal from a summary judgment. Appellee's motion to dismiss this appeal requires us to examine the finality of a summary judgment in light of the holding in *Mafrige v. Ross,* 866 S.W.2d 590 (Tex.1994). We deny the motion.

Roger Huffine sued Tomball Hospital Authority d/b/a Tomball Regional Hospital (Tomball) and Elizabeth Warner. Tomball moved for summary judgment. On October 17, 1996, the trial court granted Tomball's motion for summary judgment. On November 5, 1996, Huffine filed a motion for rehearing. On December 4, 1996, the trial court entered an order granting Huffine's motion for nonsuit as to Elizabeth Warner. Huffine filed a motion for new trial on January 3, 1997, and a notice of appeal and cost bond on March 4, 1997.

Tomball filed a motion to dismiss this appeal for want of jurisdiction, arguing that the October judgment was final and appealable. Huffine contends there was no final judgment until December 4, 1996. The application of the holding in *Mafrige* to the facts of this case determines our disposition of the motion to dismiss.

In *Mafrige* the supreme court held that the inclusion of "Mother Hubbard" language

or its equivalent in an order granting summary judgment makes an otherwise partial summary judgment final for appeal purposes. *Mafrige* at 590. A Mother Hubbard clause generally recites that all relief not expressly granted is denied. *Id.* at n. 1. The supreme court held that the equivalent of a Mother Hubbard clause is a statement that the summary judgment is granted as to all claims asserted by plaintiff, or a statement that plaintiff takes nothing against defendant. *Id.* In *Inglish v. Union State Bank*, 945 S.W.2d 810 (1997), the supreme court reaffirmed its holding in *Mafrige*. *Id.* at 811.

The court stated the rule in simple terms: "If a summary judgment appears to be final, as evidenced by the inclusion of language purporting to dispose of all claims or parties, the judgment should be treated as final for purposes of appeal." *Mafrige* at 592. The court pronounced the rule "practical in application and effect." *Id.* "[L]itigants should be able to recognize a judgment which on its face purports to be final...." *Id.*

The orders in *Mafrige* and *Inglish* contained language "equivalent to" a Mother Hubbard clause.[1] The order in *Bandera Elec. Coop., Inc. v. Gilchrist*, 946 S.W.2d 336 (1997), contained a Mother Hubbard clause. In all three cases, the question of finality involved multiple issues and not multiple defendants. The October order in this case reads as follows:

> IT IS THEREFORE ORDERED that Defendant Tomball Regional Hospital's Motion for Summary Judgment be and is hereby GRANTED; that Plaintiff takes nothing as to Tomball Regional Hospital; and that Tomball Regional hospital recover its costs of court from Plaintiff.

Tomball's motion to dismiss argues that the language in the trial court's October order is the "exact same" language as that the supreme court has held to confer finality. Huffine disagrees and argues the order contains limiting language, referring to Tomball specifically as "Defendant Tomball Hospital" while naming Huffine only as "Plaintiff," and stating that Huffine "take nothing as to Tomball Regional Hospital." These forms of reference, Huffine contends, imply that more than one defendant exists. The phrase "as to," he reasons, is exclusionary; it excludes, by implication, other potential parties and also implies that other parties exist (i.e., Elizabeth Warner, whose name appears in the caption of the October order). We agree.

We have not found a summary judgment case with multiple defendants in which the "take-nothing" phrase contained limiting language as to one defendant. We decline to extend the *Mafrige* holding in this situation and deny the motion to dismiss.

1. The judgment in *Mafrige* read as follows: "It is ... therefore, ORDERED, ADJUDGED and DECREED that the Motion for Summary Judgment of Defendant ... should in all things be granted and that Plaintiff ... take nothing against Defendant." *Id.* at 591. In *Inglish v. Union State Bank*, the order contained this language: "... Plaintiff ... take nothing on account of its lawsuit against Defendant." 945 S.W.2d 810, 811 (1997).