**In re Arturo COBOS, Julia Cobos and the City of Edinburg.**

No. 13–99–196–CV.

Court of Appeals of Texas, Corpus Christi.

May 27, 1999.

314

Ricardo D. Villanueva, Thornton,Summers, Biechlin, McAllen, Ricardo Morado, Roerig, Oliveira & Fisher, Brownsville, for relator.

Melinda Diaz, Edinburg, Thomas O. Matlock, Jr., McAllen, Jose Antonio Gomez, Edinburg, for real parties in interest.

Before Justices DORSEY, HINOJOSA, and RODRIGUEZ.

## OPINION

DORSEY, J.

■ Relators Arturo and Julia Cobos and the City of Edinburg petition this Court for a writ of mandamus [1] compelling the Honorable Rose Reyna, Judge of the 206th Judicial District Court of Hidalgo County, Texas, to dismiss the underlying lawsuit for want of jurisdiction. Relators have properly certified that they have complied with Texas Rule of Appellate Procedure 52.10(a).

On January 13, 1992, the real parties-in-interest filed a personal injury and·wrongful death lawsuit against relators and ten others in an action springing from an automobile accident in Edinburg, Texas. On July 25, 1997, Judge Evins signed an agreed judgment memorializing a settlement reached between all plaintiffs and Alfonso and Maria Solis, two of the (then) thirteen defendants. The judgment con-

---

1. Relators incorrectly styled their petition as a request for a writ of prohibition. As writs of prohibition are proper only as ancillary actions to protect an appellate court's jurisdiction which has otherwise been properly invoked; we will consider the application as one for mandamus. *See Texas Employers' Ins.* *Ass'n v. Kirby,* 137 Tex. 106, 152 S.W.2d 1073, 1073 (1941); *Cf. State Bar of Texas v. Jefferson,* 942 S.W.2d 575, 576 (Tex.1997). The irony is not lost on us that we must ignore this error in form in order to consider this original proceeding in which Relators seek a 'form over substance' remedy.

tained so-called 'Mother Hubbard' language which provided: 'Any and all relief prayed for by any party to this suit and not specifically awarded is hereby in all things denied.' On April 23, 1998, relators filed a motion to dismiss the cause from the docket for want of jurisdiction on the basis that the July 25, 1997 judgment was final and, further, that the trial court's plenary power had expired as had the applicable timetables for appeal. Judge Reyna [2] disagreed and, almost a year later, denied the motion by written order dated April 12, 1999, and retained the case on her docket

Relators request that this Court compel Judge Reyna to dismiss the lawsuit on the basis that she is without jurisdiction to act, having entered a final judgment disposing of all issues and all parties almost two years ago.

■ The Texas Government Code authorizes this Court to issue writs of mandamus. TEX. GOV'T CODE ANN. § 22.221(b) (Vernon Supp.1999). Mandamus is an extraordinary remedy available only in limited circumstances to correct a clear abuse of discretion or the violation of a duty imposed by law when the Relator has no adequate remedy at law. *Republican Party of Tex. v. Dietz*, 940 S.W.2d 86, 88 (Tex.1997); *Walker v. Packer*, 827 S.W.2d 833, 839–44 (Tex.1992). A trial court has no discretion to determine matters of law or to apply the law to the facts incorrectly. *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 437 (Tex.1997); *Walker*, 827 S.W.2d at 840. A relator complaining the trial court incorrectly decided an issue of law must show the trial court failed to analyze or apply the law correctly because the trial court's erroneous interpretation of the law constitutes a clear abuse of discretion. *Huie v. DeShazo*, 922 S.W.2d 920, 927 (Tex.1996); *Walker*, 827 S.W.2d at 840. Mandamus is proper if the trial court's order is void. *Dikeman v. Snell*, 490 S.W.2d 183, 186–87 (Tex.1973); *see Richie v. Heard*, 611 S.W.2d 419, 420 (Tex.1981)

(mandamus proper when trial court retained jurisdiction following expiration of plenary power).

■ Relators argue *Mafrige v. Ross*, 866 S.W.2d 590 (Tex.1996), and *Inglish v. Union State Bank*, 945 S.W.2d 810 (Tex. 1997), compel the conclusion that the July 25 agreed order, because of its Mother Hubbard language, was final and appealable as to all parties and issues. Following the expiration of the trial court's plenary power, the trial court lost jurisdiction in this cause. The real parties-in-interest argue the July 25 judgment disposed only of the claims against defendants Alfonso and Maria Solis as recited in paragraph one of that order. Citing the trial court's April 12, 1999 order as proof the trial court did not intend to issue a final judgment as to all parties in this lawsuit, the real parties-in-interest argue that applying *Mafrige* and *Inglish* to the case at hand elevates form over substance and would work an injustice.

■ As *Mafrige* and *Inglish* make clear, the intent of the trial court is not the controlling consideration in determining whether a judgment is final. Rather, we look to the four corners of the judgment. The rule, harsh as it is, remains: If a judgment contains language purporting to grant or deny relief that disposes of all claims or parties, regardless of the intent of the parties or the trial court, that judgment is final as to all claims and all parties. *See Inglish*, 945 S.W.2d at 811; *Mafrige*, 866 S.W.2d at 592. This case is not distinguishable from *Inglish* and *Mafrige* because it is based on a settlement agreement rather than a trial on the merits. The supreme court based the rule on its practical application and effect: 'litigants should be able to recognize a judgment which on its face purports to be final, and courts should be able to treat such a judgment as final for purposes of appeal.' *Inglish*, 945 S.W.2d at 811 (quoting *Maf-*

---

**2.** Judge Reyna replaced Judge Evins on the 206th District Court January 1, 1999.

*rige,* 866 S.W.2d at 592). The July 25, 1997 judgment is a final judgment disposing of all parties and issues.

The remedy to a carelessly worded judgment—agreed, partial, or summary—is simple: convince the trial court to modify or withdraw the judgment while it retains the plenary power to do so or perfect a timely appeal of that judgment. *Inglish,* 945 S.W.2d at 811. Failure to notice the error in time does, indeed, have extreme consequences. We are bound, however, by the law as set out in *Mafrige* and its progeny. *Dura lex sed lex.*[3]

Relators are entitled to mandamus relief. The trial court has jurisdiction only to dismiss the cause, and we trust Judge Reyna will do so timely. The writ will issue only if the cause is not dismissed.

---

**3.** "The law is harsh, but it is the law."