

**NUMBER 13-06-138-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### IN RE: SHARON HEMPHILL

### On Petition for Writ of Mandamus

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Vela and Wittig[1]
### Memorandum Opinion Per Curiam

Sharon Hemphill, relator, seeks mandamus relief prohibiting the trial judge from imposing sanctions upon her, alleging that the trial court's plenary power had already expired. Michael Hummell, a real party in interest, argues that the purported judgment in this case that relator relies upon, was not and is not a final judgment. We deny mandamus relief.

### 1. Background

---

[1] Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003 (Vernon 2005).

Relator was the personal attorney for Andrew Campbell, M.D., an intervenor and third-party plaintiff in the underlying cause, number 01-3211-D, pending in the 105th Judicial District Court of Nueces County, Texas. On January 28, 2003, after a minor settlement hearing, the trial court entered an "Agreed Judgment." The judgment provided that the defendant, State Farm Lloyds, would pay money into the registry of the court, and ad litem fees were taxed to the plaintiff, Spring Gehring, as next friend of K.T., a minor. The judgment concluded: "Any and all relief prayed for by any party to this cause and not specifically granted herein is in all things denied." The previous day, relator had filed an intervention in the underlying suit on behalf of Dr. Campbell including claims against the insurance carrier, the law firm of Ackley & Rogers; Michael B. Sheehan and Sheadyn Rogers, as individuals, and as the firm of Sheehan & Rogers, LLP; Linda J. Burgess; Winstead, Sechrest & Minick, P.C.; Michael H. Hummell; and the law firm of Huseman & Pletcher. Hummell answered and requested sanctions. A severance of the Hummell matter was signed some ten months later, resulting in cause number 03-6257-D, which is the subject of a companion appeal to this mandamus action. In the severed action, relator was sanctioned, thus giving rise to her present claim that a final judgment had already been entered and the trial court was without jurisdiction to award the sanctions against her in the severed action.

## 2. Standard of Review

To be entitled to mandamus relief, a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re McAllen Med. Ctr., Inc.*, No. 05-0892, 2008 Tex. LEXIS 456, at *6 (Tex. May 16, 2008, orig. proceeding); *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004) (citing

2

*Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). The Texas Government Code authorizes this Court to issue writs of mandamus. TEX. GOV'T CODE ANN. § 22.221(b) (Vernon 2007).

### 3. Discussion

In contending that the trial court had lost jurisdiction in this matter, relator primarily relies upon our holding in *In re Cobos*, 994 S.W.2d 313, 315 (Tex. App.–Corpus Christi 1999, no pet.). In *Cobos*, we relied on *Mafrige v. Ross*, 866 S.W.2d 590, 592 (Tex. 1993), and *Inglish v. Union State Bank*, 945 S.W.2d 810, 811 (Tex. 1997), in holding that the intent of the trial court is not the controlling consideration in determining whether a judgment is final. *Id.* "Rather, we look to the four corners of the judgment. The rule, harsh as it is, remains: If a judgment contains language purporting to grant or deny relief that disposes of all claims or parties, regardless of the intent of the parties or the trial court, that judgment is final as to all claims and all parties." *See id.* However, the relative clarity of *Mafrige* has been replaced by the rule in *Lehmann*:

> Much confusion can be dispelled by holding, as we now do, that the inclusion of a Mother Hubbard clause—by which we mean the statement, 'all relief not granted is denied,' or essentially those words—does not indicate that a judgment rendered without a conventional trial is final for purposes of appeal. We overrule *Mafrige* to the extent it states otherwise.

*See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 203-204 (Tex. 2001).

The minor's settlement hearing was not a traditional trial. The settlement hearing was more akin to a motion for partial summary judgment. At the time of the hearing, there were at least twenty-two parties with multiple claims, third party claims, and counter-claims pending before the trial court when it heard and approved the minor settlement. Plaintiff still had pending claims against defendants James Watson, John Jenkins, and Walter

3

Dunham, as well as related insurance companies. The order specifically names only two of the three plaintiffs and only one defendant—the one funding the minor settlement. The rules of procedure mandate "the judgment shall contain the full names of the parties, as stated in the pleadings, for and against whom the judgment is rendered." TEX. R. CIV. P. 306. The apparent intent of the order was to approve only the minor settlement involving only a few of the parties and a fraction of the claims then in the ligation before the court.

The Texas Supreme Court language in *Lehmann* concerning the Mother Hubbard clause is instructive:

> [In] an order on an interlocutory motion, such as a motion for partial summary judgment, the language is ambiguous. It may mean only that the relief requested in the motion—not all the relief requested by anyone in the case—and not granted by the order is denied. The clause may also have no intended meaning at all, having been inserted for no other reason than that it appears in a form book or resides on a word processor. For whatever reason, the standard Mother Hubbard clause is used in interlocutory orders so frequently that it cannot be taken as any indication of finality.

*Lehmann*, 39 S.W.3d at 203-04.

When there has not been a conventional trial on the merits, "an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Id.* at 205. If only a plaintiff's claim against a defendant is adjudicated, other counterclaims, cross-claims or third party claims are not adjudicated. *Id.* A judgment is final if it disposes of all pending parties and claims in the record. *Guajardo v. Conwell*, 46 S.W.3d 862, 863-64 (Tex. 2001). The law does not require that a final judgment be in any particular form. *Lehmann*, 39 S.W.3d at 195. Therefore, whether a decree is a final judgment must be determined from its language and the record in the case. *Id.*

The argument that the agreed judgment following the minor settlement is a final judgment is belied by many factors. First, the "Agreed Judgment" was only agreed to by Michael Sheehan, counsel for plaintiffs, and Rodney Handel, counsel for the defendant State Farm Lloyds. None of the multiple other counsel of record signed off or agreed to the judgment, nor did relator agree to the judgment. On the same date as the agreed judgment, January 28, 2003, an order of dismissal with prejudice was signed by the trial court, dismissing the claims of Spring Gehring, as next friend of K.T., a minor, against five State Farm and related entities. Yet a third order of dismissal was entered that day against Jana Flores-Jon. Relator also filed that day a first amended petition in intervention on behalf of Campbell naming nine third-party defendants. Five third-party defendants counter-claimed against Campbell on January 28, 2003. Hummell answered and filed an answer and counterclaim and sought sanctions. A rule 11 settlement agreement was filed February 18, 2003, between Campbell, State Farm Lloyds, and most of the third-party lawyer-defendants. An agreed take-nothing judgment was signed and entered February 13, 2003, specifically stating that Campbell take nothing against State Farm Lloyds. That document also contained a Mother Hubbard clause. A sanction order against Campbell and Hemphill was signed April 14, 2003, but later set aside.

Attorney Brent Chesney had previously intervened on an attorney's fee claim. This claim was not dismissed until September 25, 2003. On May 6, 2005, the court entered yet another order granting dismissal with prejudice on the Campbell/law firms' disputes. At the time the real party in interest filed his brief in response to relator's petition for mandamus in 2006, the District Clerk's office still showed the suit pending against Watson, Jenkins, and Dunham, although those claims were apparently settled. None of the various

5

"judgments" or dismissal orders before February 18, 2003, addressed the interventions of Chesney and Campbell, or the counterclaims of the law firms and Hummell, or the requested sanctions by Hummell and State Farm Lloyds. The May 6, 2005 order dismissing the Campbell/law firms' disputes was specifically approved by relator, Sharon Hemphill, as attorney for intervenor.[2]

In sum, the agreed judgment of January 28, 2003 dealt only with the claims and parties therein stated. It was the court's formal approval of a minor's settlement between plaintiff Spring Gehring, as next friend of K.T., a minor, and State Farm Lloyds. At least eight original claims by the plaintiffs remained, two interventions remained, and multiple counter-claims and third party actions were not disposed of.

Because the judgment in question did not unequivocally dispose of all pending claims and parties in the record, we determine it is not final and not appealable. *See Garcia v. Comm'rs Court of Cameron County*, 101 S.W.3d 778, 784 (Tex. App.–Corpus Christi 2003, no pet); *Lehmann*, 39 S.W.3d 201.

### 4. Conclusion

Because the trial court's plenary power had not expired as relator contends, we conclude that the relator has not demonstrated that the trial court clearly abused its discretion. We deny mandamus relief.

PER CURIAM

Memorandum Opinion delivered and
filed this the 31st day of July, 2008.

---

[2] Relator's signature is not limited by the typical language "Approved as to Form Only." It states: "Approved."