NUMBER 13-06-138-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


IN RE: SHARON HEMPHILL 
 

 


On Petition for Writ of Mandamus


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Vela and Wittig (1)


Memorandum Opinion Per Curiam


 Sharon Hemphill, relator, seeks mandamus relief prohibiting the trial judge from
imposing sanctions upon her, alleging that the trial court's plenary power had already
expired. Michael Hummell, a real party in interest, argues that the purported judgment in
this case that relator relies upon, was not and is not a final judgment. We deny mandamus
relief.

 1. Background

 Relator was the personal attorney for Andrew Campbell, M.D., an intervenor and
third-party plaintiff in the underlying cause, number 01-3211-D, pending in the 105th
Judicial District Court of Nueces County, Texas. On January 28, 2003, after a minor
settlement hearing, the trial court entered an "Agreed Judgment." The judgment provided
that the defendant, State Farm Lloyds, would pay money into the registry of the court, and
ad litem fees were taxed to the plaintiff, Spring Gehring, as next friend of K.T., a minor. 
The judgment concluded: "Any and all relief prayed for by any party to this cause and not
specifically granted herein is in all things denied." The previous day, relator had filed an
intervention in the underlying suit on behalf of Dr. Campbell including claims against the
insurance carrier, the law firm of Ackley & Rogers; Michael B. Sheehan and Sheadyn
Rogers, as individuals, and as the firm of Sheehan & Rogers, LLP; Linda J. Burgess;
Winstead, Sechrest & Minick, P.C.; Michael H. Hummell; and the law firm of Huseman &
Pletcher. Hummell answered and requested sanctions. A severance of the Hummell
matter was signed some ten months later, resulting in cause number 03-6257-D, which is
the subject of a companion appeal to this mandamus action. In the severed action, relator
was sanctioned, thus giving rise to her present claim that a final judgment had already
been entered and the trial court was without jurisdiction to award the sanctions against her
in the severed action.

 2. Standard of Review

 To be entitled to mandamus relief, a petitioner must show that the trial court clearly
abused its discretion and that the relator has no adequate remedy by appeal. In re
McAllen Med. Ctr., Inc., No. 05-0892, 2008 Tex. LEXIS 456, at *6 (Tex. May 16, 2008, orig.
proceeding); In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004) (citing
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992)). The Texas Government Code
authorizes this Court to issue writs of mandamus. Tex. Gov't Code Ann. § 22.221(b)
(Vernon 2007).

 3. Discussion

 In contending that the trial court had lost jurisdiction in this matter, relator primarily
relies upon our holding in In re Cobos, 994 S.W.2d 313, 315 (Tex. App.-Corpus Christi
1999, no pet.). In Cobos, we relied on Mafrige v. Ross, 866 S.W.2d 590, 592 (Tex. 1993),
and Inglish v. Union State Bank, 945 S.W.2d 810, 811 (Tex. 1997), in holding that the
intent of the trial court is not the controlling consideration in determining whether a
judgment is final. Id. "Rather, we look to the four corners of the judgment. The rule, harsh
as it is, remains: If a judgment contains language purporting to grant or deny relief that
disposes of all claims or parties, regardless of the intent of the parties or the trial court, that
judgment is final as to all claims and all parties." See id. However, the relative clarity of
Mafrige has been replaced by the rule in Lehmann:

 Much confusion can be dispelled by holding, as we now do, that the inclusion
of a Mother Hubbard clause--by which we mean the statement, 'all relief not
granted is denied,' or essentially those words--does not indicate that a
judgment rendered without a conventional trial is final for purposes of appeal.
We overrule Mafrige to the extent it states otherwise.


See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 203-204 (Tex. 2001). 


 The minor's settlement hearing was not a traditional trial. The settlement hearing
was more akin to a motion for partial summary judgment. At the time of the hearing, there
were at least twenty-two parties with multiple claims, third party claims, and counter-claims
pending before the trial court when it heard and approved the minor settlement. Plaintiff
still had pending claims against defendants James Watson, John Jenkins, and Walter
Dunham, as well as related insurance companies. The order specifically names only two
of the three plaintiffs and only one defendant--the one funding the minor settlement. The
rules of procedure mandate "the judgment shall contain the full names of the parties, as
stated in the pleadings, for and against whom the judgment is rendered." Tex. R. Civ. P.
306. The apparent intent of the order was to approve only the minor settlement involving
only a few of the parties and a fraction of the claims then in the ligation before the court.

 The Texas Supreme Court language in Lehmann concerning the Mother Hubbard
clause is instructive:

 [In] an order on an interlocutory motion, such as a motion for partial summary
judgment, the language is ambiguous. It may mean only that the relief
requested in the motion--not all the relief requested by anyone in the
case--and not granted by the order is denied. The clause may also have no
intended meaning at all, having been inserted for no other reason than that
it appears in a form book or resides on a word processor. For whatever
reason, the standard Mother Hubbard clause is used in interlocutory orders
so frequently that it cannot be taken as any indication of finality.


Lehmann, 39 S.W.3d at 203-04.

 When there has not been a conventional trial on the merits, "an order or judgment
is not final for purposes of appeal unless it actually disposes of every pending claim and
party or unless it clearly and unequivocally states that it finally disposes of all claims and
all parties." Id. at 205. If only a plaintiff's claim against a defendant is adjudicated, other
counterclaims, cross-claims or third party claims are not adjudicated. Id. A judgment is
final if it disposes of all pending parties and claims in the record. Guajardo v. Conwell, 46
S.W.3d 862, 863-64 (Tex. 2001). The law does not require that a final judgment be in any
particular form. Lehmann, 39 S.W.3d at 195. Therefore, whether a decree is a final
judgment must be determined from its language and the record in the case. Id. 

 The argument that the agreed judgment following the minor settlement is a final
judgment is belied by many factors. First, the "Agreed Judgment" was only agreed to by
Michael Sheehan, counsel for plaintiffs, and Rodney Handel, counsel for the defendant
State Farm Lloyds. None of the multiple other counsel of record signed off or agreed to
the judgment, nor did relator agree to the judgment. On the same date as the agreed
judgment, January 28, 2003, an order of dismissal with prejudice was signed by the trial
court, dismissing the claims of Spring Gehring, as next friend of K.T., a minor, against five
State Farm and related entities. Yet a third order of dismissal was entered that day against
Jana Flores-Jon. Relator also filed that day a first amended petition in intervention on
behalf of Campbell naming nine third-party defendants. Five third-party defendants
counter-claimed against Campbell on January 28, 2003. Hummell answered and filed an
answer and counterclaim and sought sanctions. A rule 11 settlement agreement was filed
February 18, 2003, between Campbell, State Farm Lloyds, and most of the third-party
lawyer-defendants. An agreed take-nothing judgment was signed and entered February
13, 2003, specifically stating that Campbell take nothing against State Farm Lloyds. That
document also contained a Mother Hubbard clause. A sanction order against Campbell
and Hemphill was signed April 14, 2003, but later set aside.

 Attorney Brent Chesney had previously intervened on an attorney's fee claim. This
claim was not dismissed until September 25, 2003. On May 6, 2005, the court entered yet
another order granting dismissal with prejudice on the Campbell/law firms' disputes. At the
time the real party in interest filed his brief in response to relator's petition for mandamus
in 2006, the District Clerk's office still showed the suit pending against Watson, Jenkins,
and Dunham, although those claims were apparently settled. None of the various
"judgments" or dismissal orders before February 18, 2003, addressed the interventions of
Chesney and Campbell, or the counterclaims of the law firms and Hummell, or the
requested sanctions by Hummell and State Farm Lloyds. The May 6, 2005 order
dismissing the Campbell/law firms' disputes was specifically approved by relator, Sharon
Hemphill, as attorney for intervenor. (2)

 In sum, the agreed judgment of January 28, 2003 dealt only with the claims and
parties therein stated. It was the court's formal approval of a minor's settlement between
plaintiff Spring Gehring, as next friend of K.T., a minor, and State Farm Lloyds. At least
eight original claims by the plaintiffs remained, two interventions remained, and multiple
counter-claims and third party actions were not disposed of.

 Because the judgment in question did not unequivocally dispose of all pending
claims and parties in the record, we determine it is not final and not appealable. See
Garcia v. Comm'rs Court of Cameron County, 101 S.W.3d 778, 784 (Tex. App.-Corpus
Christi 2003, no pet); Lehmann, 39 S.W.3d 201. 

 4. Conclusion

 Because the trial court's plenary power had not expired as relator contends, we
conclude that the relator has not demonstrated that the trial court clearly abused its
discretion. We deny mandamus relief.

 PER CURIAM


Memorandum Opinion delivered and

filed this the 31st day of July, 2008. 
1. Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this Court by the Chief Justice
of the Supreme Court of Texas pursuant to the government code. See Tex. Gov't Code Ann. § 74.003
(Vernon 2005).
2. Relator's signature is not limited by the typical language "Approved as to Form Only." It states:
"Approved."