NO.04-14-00774-CV

## TO THE
## FOURTH COURT OF APPEALS
## OF TEXAS

**RAY BASALDUA,**

**Appellant**

**V.**

**GEORGE FARINACCI, LADONNA FARINACCI, & LI LUO SKELTON**

**Appellee**

On Appeal from the 408th Judicial District Court
Of Bexar County, Texas
The Honorable Larry Noll, Presiding Judge
Trial Court Case Number 2014-CI-05926

## BRIEF OF APPELLANT

Ray Basaldua
PRO SE
P.O. Box 1982
Lytle, Texas 78052
Telephone: (210) 912-3256

i

NO.04-14-00774-CV

## TO THE
## FOURTH COURT OF APPEALS
## OF TEXAS

RAY BASALDUA,

Appellant

V.

GEORGE FARINACCI, LADONNA FARINACCI, & LI LUO
SKELTON

Appellee

On Appeal from the 408th Judicial District Court
Of Bexar County, Texas
The Honorable Larry Noll, Presiding Judge
Trial Court Case Number 2014-CI-05926

BRIEF OF APPELLANT

Ray Basaldua
PRO SE
P.O. Box 1982
Lytle, Texas 78052
Telephone: (210) 912-3256

i

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................ii

IDENTITY OF PARTIES AND COUNSEL......................iii

INDEX OF AUTHORITIES.......................................iv

STATEMENT OF THE CASE....................................1

ISSUES PRESENTED..............................................1

STATEMENT OF FACTS........................................1,2

ARGUMENT.....................................................2,3

PRAYER...........................................................4

APPENDIX

# NO.04-11-00774-CV

## RAY BASALDUA,

**Appellant**

v.

## GEORGE FARINACCI, LADONNA FARINACCI, & LI LUO SKELTON

**Appellee**

The following is a complete list of all parties to the trial court's order that is the subject of this appeal, as well as the names and addresses of all trial and appellate counsel.

PARTIES

COUNSEL

Appellant: ("Basaldua")
Ray Basaldua

Ray Basaldua
Pro Se
P.O. Box 1982
Lytle, Texas 78052
Telephone: (210) 912-3256

Appellees: ("INDIVIDUALLY")
George Farinacci,
Ladoanna Farinacci, &
Jim House

Amy M. Vanhoose
Frank O. Carroll III
Attorney at Law
2800 Post Oak Blvd., 57th
Houston, TX 77056
Fax: 713-840-9404

# INDEX OF AUTHORITIES

## CASES

McConnell v. Southside Indep. Sch. Dist., 858 S.W. 2d 337, 339 (Tex. 1993);

Coastal CementSand Inc. v. First Interstate Credit Alliance, Inc., 956 S.W. 2d 562, 565 (Tex. App.-Houston [14th Dist.] 1997, pet. denied);

Khan v. Yazdchi, No. 01-02-00918-CV, 2003 WL 21513628, at*4 (Tex. App.-Houston [1st Dist.] 2003, no pet.) (mem. Op.).

Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625 (Tex. 1996).

Inglish v. Union State Bank, 945 S.W.2d 810, 811 (Tex. 1997).

## RULES

TRCP 166 (a)c

## STATEMENT OF THIS CASE

This is an appeal of the Trial Court's abuse of discretion in granting Appellees Motion for Summary Judgment.

## ISSUES PRESENTED

THE FIRST ISSUE: The trial court abused its discretion in granting the Appellee's a Motion For Summary Judgment when the Appellee's failed to establish that all of the Appellant's claims were legally insufficient.

THE SECOND ISSUE: The trial court abused its discretion in granting the Appellee's Motion For Summary Judgment when the trial court lacked Personal Jurisdiction.

## STATEMENT OF FACTS

On October 30th, 2014, the Trial Court heard the Appellee's Motion For Summary Judgment. The Court granted Appellees a Judgment and signed an order disposing of all the Appellant's claims. The Appellee's Motion For Summary Judgment was only seeking relief on one claim, Breach of Contract. The Appellants Third Amended Petition consists of

1.

Five claims: Fraud, Tortious Interference With existing Contract, Tortious Interference With Prosepective Relations, Breach of Contract and Aiding and Abetting.

Furthermore, The Appellee's Motion For Summary Judgment lacked jurisdictional content as the Appellee's were seeking relief for "Volunteer Board Members". "Volunteer Board Members" are not party to this case.

## ARGUMENT

FIRST ISSUE: The trial court abused its discretion in granting the Appellee's a Motion For Summary Judgment when the Appellee's failed to establish that all of the Appellant's claims were legally insufficient. (Exhibit 1) It is improper for a court to grant summary judgment on an issue (lack of legal duty) that is not pled or argued in the summary judgment pleadings. See Tex. R. Civ. P. 166a(c); McConnell v. Southside Indep. Sch. Dist., 858 S.W. 2d 337, 339 (Tex. 1993); Coastal CementSand Inc. v. First Interstate Credit Alliance, Inc., 956 S.W. 2d 562, 565 (Tex. App.-Houston [14th Dist.] 1997, pet. denied); see also Khan v. Yazdchi, No. 01-02-00918-CV, 2003 WL 21513628, at*4 (Tex. App.-Houston [1st Dist.] 2003, no pet.) (mem. Op.). The Appellee's Motion For Summary Judgment was only seeking relief on one claim, Breach of Contract. (Exhibit 2) The Appellants Third

2.

Amended Petition consists of five claims: Fraud, Tortious Interference With existing Contract, Tortious Interference With Prosepective Relations, Breach of Contract and Aiding and Abetting. (Exhibit 3) A Motion For Summary Judgment must stand or fall on the grounds expressly presented in the motion. Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625 (Tex. 1996). A trial court errs in granting more relief than requested, Inglish v. Union State Bank, 945 S.W.2d 810, 811 (Tex. 1997).

SECOND ISSUE: Appellee's have identified the defendants in this Motion For Summary Judgment as "Volunteer Board Members", stating that they are immune from liability. (Exhibit 2) Appellant **OBJECTS,** the Third Amended Petition clearly identifies the defendants as individuals, George Farinacci, Ladonna Farinacci and Jim House. (Exhibit 3) The Clear Springs Park Property owners Association was never sued or served and brought under the Jurisdiction of the Court.

3.

## PRAYER

Ray Basaldua respectfully requests that this Court reverse the Trial Court's ruling granting Appellees Motion For Summary Judgment Order In part or whole and reverse the trial Courts Order, and remand the case back to the trial court.

Respectfully submitted,

Ray – Pro Se
P.O. Box 1982
Lytle Texas 78052
Tel. (210)-912-3256

## CERTIFICATE OF SERVICE

This certifies that the undersigned served this APPELLANT'S BRIEF by certified mail to the following counsel for Appellees on February ~~16th~~, 17th 2014.

Amy M. Vanhoose
Frank O. Carroll III
Attorney at Law
2800 Post Oak Blvd. 57th Floor
Houston, TX 77056
Telephone: 713-840-9404

Ray Basaldua    Pro Se
P.O. Box 1982
Lytle Texas 78052
Tel. (210)-912-3256

4.

# APPENDIX

Exhibit 1..........................................Summary Judgment Order

Exhibit 2............................... Motion For Summary Judgment

Exhibit 3...........................................Third Amended Petition



CAUSE NO. 2014-CI-05926

| RAY A. BASALDUA | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 73RD JUDICIAL DISTRICT |
| | § | |
| GEORGE FARINACCI, LADONA | § | |
| FARINACCI & LI LUO SKELTON | § | BEXAR COUNTY, TEXAS |

### ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On this **30** day of **October**, 2014, the Court heard LaDona Farinacci, George Farinacci, and Jim House's (collectively referred to as "Defendants") Motion for Summary Judgment (the "Motion"). After considering the Motion, the response, the reply (if any), and any arguments of counsel, the Court is of the opinion that the Defendants' objections should be sustained and the Plaintiff Ray Basaldua's ("Plaintiff") summary-judgment evidence should be stricken. Objections to the summary judgment evidence in Plaintiffs' Response to Defendants' Motion for Summary Judgment, listed below, are hereby sustained, and such evidence is hereby stricken as follows:

| | SUSTAINED AND STRICKEN | OVERRULED |

Exhibit A to Plaintiff's Response

*all parties appeared in person and by attorney*

The Court, having considered the Motion, Response, Reply, and arguments of counsel, if any, is of the opinion that the Motion is good and should be, and hereby is, in all things GRANTED.

This Order disposes of all Plaintiff's claims against Defendants.

Defendants are entitled to reasonable and necessary attorneys' fees expended

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

in this matter thus far and on appeal, in an amount to be determined by the Court at a later hearing, pursuant to the Texas Declaratory Judgment Act.

The Court finds that these fees are in the interests of justice and are equitable. ~~Issues recently parties withdrawn by both parties~~

All court costs to be borne by Plaintiff.

Signed this 30 day of October, 2014.

_____
JUDGE PRESIDING

Frank O. Carroll III
TB# 24082785
2800 Post Oak Blvd 57th Floor
Houston, TX 77056
713-840-1666
fcarroll@rmwbhlaw.com
Attorney for Defendants
Jim House, George Farinacci &
La Dona Farinacci

CAUSE NO. 2014-CI-05926

| | | |
|---|---|---|
| RAY A. BASALDUA | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 73RD JUDICIAL DISTRICT |
| | § | |
| | § | |
| GEORGE FARINACCI, LADONA | § | |
| FARINACCI & LILUO SKELTON | § | BEXAR COUNTY, TEXAS |

## DEFENDANTS GEORGE FARINACCI, LADONA FARINACCI, AND JIM HOUSE'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Come now George Farinacci, LaDona Farinacci, and Jim House and file this Motion for Traditional Summary Judgment and in support thereof would respectfully show the Court as follows:

### I. PARTIES

Plaintiff, Ray A. Basaldua ("Plaintiff") is a project manager/builder who was hired by Defendant Li Luo Skelton ("Skelton") to construct an addition to the Skelton's home in the Clear Springs Park community.

Defendant, Li Luo Skelton ("Skelton") is the owner of property located in the Clear Springs Park community in Bexar County, Texas. Skelton owns the residence located at 4051 Running Springs, San Antonio, Texas 78261 ("Property"). Skelton's Property is subject to the Protective Covenants, Restrictions, and Lot Assessments of Clear Springs Park Property Owners Association, Inc. ("Declaration"), along with the Clear Springs Park Property Owner's Association, Inc.'s Bylaws ("Bylaws"), which are enforced by Clear Springs Park Property Owner's Association, Inc. ("Association").

Defendants George Farinacci, LaDona Farinacci, and Jim House (collectively referred to as the "Volunteer Board Members") are current members of the Association's Board of Directors and owners of property in the Clear Springs Park community.

## II.   SUMMARY OF THE ARGUMENT

Summary judgment should be granted in favor of the Volunteer Board Members on three grounds: First, the Volunteer Board Members are immune from liability under well-established Federal and Texas volunteer immunity statutes. Second, regardless of immunity, the Volunteer Board Members cannot be held liable under the standards set forth in the Texas Non-Profit Corporation Act. Third, Plaintiff cannot succeed on his breach of contract claims because there is no basis in law or in fact to suggest that a valid contract exists between the Volunteer Board Members and Plaintiff.

For the above reasons, the Court should grant summary judgment in favor of the Volunteer Board Members.

## III.   BACKGROUND

The Association is a non-profit homeowners' association located in San Antonio, Bexar County, Texas. The Association is operated by its Board of Directors, comprised of the Volunteer Board Members. The properties located within the Clear Springs Park community are subject to the Declaration. This lawsuit stems from Plaintiff's dissatisfaction with the administration of the Association. More specifically, Plaintiff has brought a claim of breach of contract against the Volunteer

Board Members claiming the Volunteer Board Members prevented Plaintiff from performing on his contract with Defendant Skelton. Plaintiff claims these allegations have resulted in actual, consequential, and punitive damages not exceeding one-million dollars ($1,000,000.00).[1]

Plaintiff cannot succeed on his claim for breach of contract against the Volunteer Board Members as a matter of law because there is no contract between the Volunteer Board Members and Plaintiff.

## IV. MOTION FOR SUMMARY JUDGMENT

### A. Federal and State volunteer immunity statutes preempt Plaintiffs' claims.

The Association is a non-profit corporation duly formed and operating under the laws of the State of Texas for civic and public benefit and to serve the welfare of the community.[2] The Volunteer Board Members are individual volunteer members of the Board of Directors of the Association, who have been sued in their individual capacities.[3] The Volunteer Board Members are not compensated for their service to the Association.[4] Under the Volunteer Protection Act and the Non-Profit Corporation Act, the Volunteer Board Members cannot be liable to Plaintiff in the capacity in which they have been sued. As a matter of law, summary judgment dismissing Plaintiff's causes of action against the Volunteer Board Members is proper.

---

[1] *See* Plaintiffs' Original Pet., currently on file with the Court and incorporated herein by reference.
[2] *See* Affidavits of Volunteer Board Members, attached hereto and incorporated herein as **Exhibit 1, Exhibit 2, and Exhibit 3.**
[3] *See* **Exhibit 1, Exhibit 2, Exhibit 3.**
[4] *Id.*

*1.* *The Federal Volunteer Protection Act (the "Federal Act")
preempts Plaintiff's claims against the Volunteer Board
Members.*

In an effort to encourage volunteerism in the United States of America and to limit the potential liability of the volunteer, the Federal Government set forth statutory protections for volunteers such as the Volunteer Board Members.[5] The Federal Act states, in relevant part:

**(a)** **Liability protection for volunteers** - Except as provided in subsections (b) and (d) of this section, no volunteer of a nonprofit organization or governmental entity shall be liable for harm[6] caused by an act or omission of the volunteer on behalf of the organization or entity if:

**(1)** the volunteer was acting within the scope of the volunteer's responsibilities in the nonprofit organization or governmental entity at the time of the act or omission; . . .

**(3)** the harm was not caused by willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the volunteer . . .[7]

The Federal Act also states that a "nonprofit organization"[8] includes the Association, because it is a "not-for-profit organization, which is organized and

---

[5] *See* Volunteer Protection Act of 1997, 42 USC § 14501, *et seq.*
[6] *See* 42 USC § 14505. Definitions. For purposes of this chapter, the term "harm" includes physical, nonphysical, economic, and non-economic losses.
[7] *See* 42 USC § 14503.
[8] 42 USC § 14505. Definitions. For purposes of this chapter, the term "nonprofit organization" means (A) any organization which is described in section 501(c)(3) of such title and exempt from tax under section 501(a) of Title 26 and which does not practice any action which constitutes a hate crime referred to in subsection (b)(1) of the first section of the Hate Crime Statistics Act (28 USC 534 note); or (b) any not-for-profit organization which is organized and conducted for public benefit and operated primarily for charitable, civic, educational, religious, welfare, or health purposes and which does not practice any action which constitutes a hate crime referred to in subsection (b)(1) of the first section of the Hate Crime Statistics Act (28 USC 534 note).

conducted for public benefit and operated primarily for charitable, civic, educational, religious, welfare, or health purposes." The Association levies its assessments and manages the properties to promote the health, safety, welfare, recreation, or pleasure of the residents. The Association is also operated in furtherance of the important public policy of preventing dilapidation in housing and unhealthful conditions described in Section 201 of the Texas Property Code.[9] In all times relevant to Plaintiffs' claims, Defendants were acting in a volunteer capacity. Plaintiffs' claims against the Volunteer Board Members are based on acts or omissions of these volunteers on behalf of the Association.[10] In sum, the Association is a non-profit corporation in whose service the Volunteer Board Members cannot be held liable. Thus, the Volunteer Protection Act is a statutory bar to Plaintiffs' claims against the Volunteer Board Members.

2. *The Volunteer Board Members are not liable under the Texas Non-Profit Corporation Act.*

Finally, the Texas Non-Profit Corporation Act (the "Act") protects the Volunteer Board Members from liability. Chapter 22 of the Texas Business Organization Code pertains to non-profit corporations, which are defined as "corporation[s] no part of the income of which is distributable to a member, director, or officer of the corporation."[11] Officers of non-profit corporations are immune from individual civil liability under Chapter 22.[12] Specifically, the statute states:

---

[9] Tex. Prop. Code § 201.002.
[10] *See* Plaintiffs' Original Pet.
[11] Tex. Bus. Org. Code § 22.001(5).
[12] *Id.* at § 22.235.

(a)    An officer is not liable to the corporation or any other person for an action taken or omission made by the officer in the person's capacity as an officer unless the officer's conduct was not exercised:

(1)    in good faith;

(2)    with ordinary care; and

(3)    in a manner the officer reasonably believes to be in the best interest of the corporation.[13]

At all times relevant to this matter, no part of the Association's income was distributable to a member, director, or officer, and further, all Volunteer Board Members were officers of the Association. In all times relevant to Plaintiffs' claims, Defendents were acting as officers of the nonprofit corporation. There is no evidence to suggest that Defendants were acting in bad faith, failing to exercise ordinary care, or acting absent reasonable belief that there actions were in the best interest of the corporation. Therefore, Chapter 22 of the Texas Business Organization Code applies to the issue of Volunteer Board Members' liability for Plaintiffs' claims. Pursuant to Chapter 22, Volunteer Board Members are entitled to summary judgment.

B.    Plaintiff cannot succeed on his breach of contract claim because the Volunteer Board Members do not have a contract with Plaintiff.

Plaintiffs claim that the Volunteer Board Members have breached the contract by preventing Plaintiff from performing his contractual obligations.[14] The contract which forms the basis of Plaintiff's claims is a contract between Defendant Skelton and Plaintiff, to which the Volunteer Board Members are not a party.

In order to succeed on a cause of action for breach of contract, a plaintiff must

[13] Tex. Bus. Org. Code § 22.235.
[14] *See* Plaintiffs' Original Petition, on file with the Court, at ¶¶ 7–35.

prove the existence of a valid, enforceable contract, that the plaintiff performed, tendered performance, or was excused from performing under the contract, that the defendant breached the contract, and that the defendant's breach caused the plaintiff injury.[15] A defendant breaches a contract by failing or refusing to perform a contractual duty.[16] **Whether a defendant breached a contract is a question of law to be decided by the court.**[17]

Plaintiffs allege that the Volunteer Board Members have breached the contract by preventing Plaintiff from performing his prior contractual obligations with Defendant Skelton.

In sum, no valid contract exists between the Volunteer Board Members and Plaintiff. Because the Volunteer Board Members have no contract with Plaintiff, the Volunteer Board Members cannot breach this contract by exercising their discretion to enforce the Declaration. Therefore, Plaintiff cannot succeed on his breach of contract claim as a matter of law and the Court should grant summary judgment in favor of the Volunteer Board Members.

C.     Traditional Summary Judgment Standard.

Under Texas Rules of Civil Procedure 166(a)(c), a defendant is entitled to summary judgment if it either establishes its own defense as a matter of law or negates an element of the plaintiff's cause of action as a matter of law.[18] Because a plaintiff must establish each element of his/her causes of action in order to prevail,

---

[15] *Snyder v. Eanes I.S.D.*, 860 S.W.2d 692, 695 (Tex. App.—Austin 1993, writ denied).
[16] *Townwest Homeowners Ass'n v. Warner Comm.*, 826 S.W.2d 638, 640 (Tex. App.—Houston [14th Dist.] 1992, no writ).
[17] *Bank One v. Stewart*, 967 S.W.2d 419, 432 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

a defendant who proves that even just one element of the plaintiff's claim is legally insufficient is entitled to summary judgment.[19]

## V.    PRAYER

Wherefore, premises considered, LaDona Farinacci, George Farinacci, and Jim House request that this Honorable Court grant their Motion for Summary Judgment as to the above-referenced causes of action, and for such other and further relief, at law and in equity, to which LaDona Farinacci, George Farinacci, and Jim House may show themselves to be justly entitled.

Respectfully submitted,

ROBERTS MARKEL WEINBERG BUTLER HAILEY PC

Amy M. VanHoose
TBA No. 24042085
Frank O. Carroll III
TBA No. 24082785
2800 Post Oak Blvd, 57th Floor
Houston, TX  77056
Telephone: (713) 840-1666
Fax:  (713) 840-9404
avanhoose@rmwbhlaw.com
ATTORNEYS FOR DEFENDANTS,
GEORGE FARINACCI, LADONA
FARINACCI AND JIM HOUSE

---

[18] Tex. R. Civ. P. 166a(c); *Griffin v. Rowden*, 654 S.W.2d 435, 436 (Tex. 1983).
[19] *Manoogian v. Lake Forest Corp.*, 652 S.W.2d 816 (Tex. App.—Austin 1983, writ ref'd n.r.e.).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below by facsimile, messenger, regular U.S. certified mail, return receipt requested and/or electronic service on this the 8th day of October, 2014.

Ray A. Basaldua
P.O. Box 1982
Lytle, Texas 78052

Frank O. Carroll III

## NO. 2014-CI-05926

| | | |
|---|---|---|
| RAY A. BASALDUA | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | |
| | § | 407th JUDICIAL DISTRICT |
| GEORGE FARINACCI, | § | |
| LADONA FARINACCI, & | § | |
| LI LUO SKELTON | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S THIRD AMENDED PETITION

NOW COMES RAY A. BASALDUA, Plaintiff, files this Third Amended Petition complaining of Defendants, Jim House, George Farinacci, LaDona Farinacci & Li Luo Skelton and shows the court the following:

### DISCOVERY CONTROL PLAN

Plaintiff intends that discovery in this matter be conducted under Level 2 pursuant to Texas Rules of Civil Procedure.

### PARTIES

Plaintiff, Ray Basaldua is an Individual who can be found at, Mailing address: P.O. Box 1982 Lytle, Texas 78052.

Defendant, Jim House is an Individual who resides in Bexar County, Texas, and may be served with citation at the following address or wherever else he may be found: 8526 N New Braunfels, San Antonio, Texas 78217.

Defendants, George Farinacci & LaDona Farinacci are Individuals who reside in Bexar County, Texas, and may be served with citation at the following address or wherever else they may be found: 3930 Mark Alan, San Antonio, Texas 78261-2126.

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
2014 OCT 22 AM 10: 29
BY
DEPUTY

Defendant, Li Luo Skelton is an Individual who resides in Bexar County, Texas, and may be served with citation at the following address or wherever else they may be found: 4051 Running Springs, San Antonio, Texas 78261-2126.

## JURISDICTION & VENUE

This Court has jurisdiction because the amount in controversy meets or exceeds jurisdictional limits of this court and the Defendants reside in Bexar County Texas.

## STATEMENT OF FACTS

Plaintiff Ray Basaldua was the Independent Project Manager/Builder for Dr. Li Skelton owner of the property located in the Clear Springs Park Subdivision at 4051 Running Springs, San Antonio, Bexar County, Texas. Plaintiff Ray Basaldua was conducting site work in preparation for an addition to the home located on this property.

On November 9th, 2012, the Plaintiff Ray Basaldua received a call from Dr. Li Skelton that she had been sued for not submitting plans to the Clear Springs Park Property Owners Association. Furthermore a Temporary Restraining Order was placed on Dr. Li Skeltons construction project and the Plaintiff Ray Basaldua had to stop work.

On November 14th, 2012 the Plaintiff and Dr. Li Skelton's attorney met with the Defendant LaDona Farinacci, alleged President of the Clear Springs Property Owners Association, and their attorneys to resolve the alleged issue in good faith. During this meeting the Defendant LaDona Farinacci claimed she was representing the property owner next to Dr. Li, who resides at 4111 Running Springs for an alleged easement issue and that was really why she sued Dr. Li. Skelton. Furthermore, Defendant LaDona Farinacci stated that she was not a friend with Dr. Li. Skelton because she was a Scientologist.

The Defendant LaDona Farinacci interfered with the existing contract and business relationship between Ray Basaldua and Dr. Li Skelton by intentionally filing Fraudulent documents with the Court, Restraining the Plaintiff from building Dr. Li Skeltons home addition.

The Defendants George Farinacci & LaDona Farinacci lack standing to bring forth the suit filed against Dr. Li Skelton and maliciously obtained a Restraining Order.

Near the end of 2013, Dr. Li Skelton called the Plaintiff and informed him that he has been excused from performing the construction project, as she had agreed with the Defendant's, George Farinacci & LaDona Farinacci, not to work with the Defendant, breaching the contract.

As a result Plaintiff Ray Basaldua has now lost all work to be performed on Dr. Li Skeltons home addition and future projects; has had to incur unnecessary costs, and lost his profits from the construction project.

Furthermore, On July 28th, 2014, LaDona Farinacci expressed under oath in a deposition that several Attorneys were advising her, generally "Jim House" and that these Attorney's instigated the issue's stated above.

## CAUSES OF ACTION

Defendants' conduct, acts and failures individually, collectively, jointly and severally were the cause and proximate cause of very substantial expenses, losses, and damages to Plaintiff. The acts, conduct and failures of Defendants, individually, collectively, jointly and severally, constituted violations of legal duties giving rise to at least the following causes of action.

## FRAUD

The Defendants, individually, collectively, jointly and severally, have caused to be filed a frivolous lawsuit with an ulterior motive, which was to represent the homeowner located at 4111 Running Springs over an alleged easement issue even though they are not licensed attorney's. The Defendant LaDona Farinacci actions are malicious/vexatious in character as she clearly stated to the Plaintiff Ray Basaldua and Dr. Li 's Skelton's attorney, "I am not a friend of Dr. Li Skelton's because she is a Scientologist." Defendant George Farinacci an alleged officer of the Clear Springs Park Property Owners Association participated in implementing the cause of action, Defendant Li Luo Skelton subsequently agreed.

The Defendants, George Farinacci & LaDona Farinacci individually, collectively, jointly and severally, have caused to be filed fraudulent documents with the court misrepresenting themselves as officers of the Clear Springs Park Property Owners Association who have the Authority to receive and approve construction plans for and from all property owners in the Clear Springs Park Subdivision.

The Defendants George Farinacci & LaDona Farinacci have caused to be filed a frivolous lawsuit misrepresenting themselves as officers of the Clear Springs Park Property Owners Association, who have the Authority to institute a legal action based on covenants of the Clear Springs Park Subdivision.

## TORTIOUS INTERFERENCE WITH EXISTING CONTRACT

The Defendants, George Farinacci & LaDona Farinacci individually, collectively, jointly and severally, intentionally interfered with the existing contract between Plaintiff Ray Basaldua and Dr. Li Skelton consisting of a Seventy Thousand Dollar ($70,000.00) agreement to construct

the exterior of the home addition at 4051 Running Springs. By filing fraudulent documents with the Court, the Defendant's Restrained Plaintiff from building the home addition at 4051 Running Springs and caused him damages. Butnara v. Ford Co., 84S.W.3d 198,207(Tex.2002)

## TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS

The Defendants, George Farinacci & LaDona Farinacci individually, collectively, jointly and severally, intentionally interfered with the prospective business relationship between Plaintiff Ray Basaldua and Dr. Li Skelton, as their goal was to bring the property value of 4051 Running Springs up to Seven Hundred Thousand Dollars ($700,000.00). The Defendants, individually, collectively, jointly and severally, severed the business relationship between Plaintiff Ray Basaldua and Dr. Li Skelton, additionally damaging the Plaintiff for further planned work amounting to One Hundred forty Thousand Dollars ($140,000.00). Wal-Mart Stores v. Sturges, 52 S.W.3d 711,726 (Tex.2001)

## BREACH OF CONTRACT

The Defendant's actions have prevented the Plaintiff from performing his contractual obligations, and was excused from performing under the contract causing the Plaintiff injury. Krayem v. USRP (PAC) ,L.P., 194 S.W.3d 91,94 (Tex.App.-Dallas 2006, pet., denied).

## AIDING AND ABETTING

The Defendant's have encouraged, advised and instigated the actions stated above. Kinz-bach Tool Co. v. Corbett-Wallace Corp., 160 S.W 2d 509, 514 (Tex.1942)

## DAMAGES

As a proximate result of the Defendant's conduct, Plaintiff has suffered damages. Plaintiff requests the Court award the following damages as a result of Defendant's conduct:

1. Actual Damages;

2. Consequential Damages;

3. Punitive Damages; and

4. Costs of Court, and Appeals Court

5. **Monetary Relief over $ 100,000 but not more than $ 200,000**

## JURY DEMAND

Plaintiff requests a trial by jury and tenders the appropriate fee.

## REQUEST FOR DISCLOSURE

Defendants are hereby requested to disclose, within 50 days of service of the Original Petition, the information or material described in Texas Rules of Civil Procedure 194.2, (a) through (I).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon final hearing, Plaintiff have and recover against Defendants those damages stated above, costs of court, and all other relief to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

By: _____

RAY A. BASALDUA, Pro Se
P.O. BOX 1982
Lytle, Texas 78052
Tel. (210) 912-3256
Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the Plaintiffs Third Amended Petition has been served on the Attorneys of record by email this 2 2 day of October, 2014:

Amy M. Vanhoose
Frank O. Carroll III
Atorney at Law
2800 Post Oak Blvd., 57th Floor
Houston, Texas 77056

_____
Ray Basaldua