Charles **MATTHEWS** and Gwendolyn Matthews, Appellants,

v.

Sherman W. **COHEN**, Appellee.

No. A14–90–310–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 7, 1991.

Gerald A. Burks, Galveston, for appellants.

Richard A. Bell, Galveston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

CANNON, Justice.

Appellants Charles and Gwendolyn Matthews appeal the order of the trial

**606**

court granting appellee Sherman Cohen's motion to retain. In two points of error, appellants contend the trial court abused its discretion and denied them due process. Since the trial court's order is interlocutory and not appealable, we are without jurisdiction to consider this appeal.

On February 3, 1986, Cohen filed a negligence suit against the Matthews for personal injuries suffered in a fall on the Matthews' premises. Cohen alleged that he was invited on the Matthews' premises to install electrical outlets and wiring and that he fell through a hole in the upper floor stairwell after a board covering the hole had been removed. On March 3, 1986, the Matthews filed their answer. The parties exchanged interrogatories up to July 7, 1986. Neither party took any further action on this case until Cohen filed his motion to retain more than three and a half years later.

On January 11, 1990, the Galveston County District Clerk sent Cohen a notice informing him that the case had been placed on the drop docket and that the trial court intended to dismiss his suit for want of prosecution. That notice also informed Cohen of the date of the dismissal hearing. On February 8, 1990, Cohen filed a motion to retain stating his desire to pursue his cause of action. After a hearing on February 22, 1990, the trial court granted Cohen's motion to retain and ordered completion of all discovery within sixty days.

A court must notice, even sua sponte, the matter of its own jurisdiction, since jurisdiction is fundamental in nature and may not be ignored. *K & S Interests v. Texas American Bank/Dallas*, 749 S.W.2d 887, 890 (Tex.App.—Dallas 1988, writ denied). If the present case is an appeal over which we have no jurisdiction, then the appeal must be dismissed. *Id.* Absent certain exceptions not applicable here, appellate courts can review only final and definite judgments. *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex.1985). A final judgment fully disposes of all issues and all parties to the lawsuit. *Id.* By granting appellee's motion to retain, the trial court maintained jurisdiction of this suit pending a final disposition of all issues and all parties. The trial court never entered an order dismissing this cause and, therefore, never relinquished jurisdiction. Accordingly, we dismiss this appeal for want of jurisdiction.