Affirmed and Opinion filed December 30, 2008








Affirmed and Opinion filed December 30, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO.  14-07-00915-CV

____________

 

TOM TUAN NGUYEN, Appellant

 

V.

 

GEORGE H.  WOODLEY AND MARCY T. 
WOODLEY,
Appellees

 



 

On Appeal from the 240th
District Court

Fort Bend County, Texas

Trial Court Cause No.  06-CV-153,594

 



 

O P I N I O N

Appellant Tom Tuan Nguyen sued appellees George H. Woodley
and Marcy T.  Woodley for specific performance on an earnest money contract
between the parties involving a home listed for sale in Fort Bend County.  The
Woodleys counter-claimed for damages resulting from Nguyen=s alleged breach
of the earnest money contract, declaratory relief, and attorney=s fees.  Both
sides submitted motions for summary judgment.  The trial court granted the
Woodleys= motion for
traditional and no-evidence summary judgment, and denied Nguyen=s motion. 








Nguyen appeals the judgment asserting that the trial court
erred in granting the Woodleys= motion for summary judgment on both
traditional and no-evidence grounds, and in denying his motion for summary
judgment.  The Woodleys= one cross-point on appeal is that this
court lacks appellate jurisdiction because the trial court=s summary-judgment
order was interlocutory.  We affirm.

BACKGROUND

On October 3, 2006, appellant Tom Tuan Nguyen entered into
an earnest money contract (Athe contract@) with appellees
George H. Woodley and Marcy T. Woodley for the sale of a home in Fort Bend
County owned by the Woodleys.  Under the terms of the contract, Nguyen
deposited $5,000 in earnest money with North American Title Company. The
contract also stated that the residence would be sold Aas-is,@ with no repairs
to be made by the Woodleys.   Finally, the contract provided that closing of the
sale should occur Aon or before October 21, 2006.@  The parties
scheduled a closing for Friday, October 20.

On or about October 11, Nguyen=s third-party
financing of the purchase price was approved by mortgage lender Washington
Mutual Bank, F.A. (AWashington Mutual@).  On October 13,
Washington Mutual inspected and appraised the residence, determining that
repairs to the roof and interior walls were necessary.  On the evening of
October 19Cthe night before the sale was to closeCWashington Mutual
informed Nguyen, through his real estate broker, that it would require repairs
to the roof before funding the loan.  

Shortly after learning of the lender=s new requirement,
Nguyen=s broker sent an
email to the Woodleys= brokers to inform them of this new
development.  Nguyen=s broker described her conversations with
the lender as a continuing process, aimed at closing on the sale.  Further,
Nguyen=s broker asked
about extending the closing date to accommodate the roof repairs.  Finally,
Nguyen=s broker
communicated that Nguyen and his wife were Aready, serious,
and qualified buyers@ interested in closing the sale.








Several hours later, though still on the evening of October
19, Nguyen personally signed a memorandum addressed to the Woodleys, forwarded
via email by Nguyen=s broker to the Woodleys= brokers, stating
the following:

Re: Written notice to Seller about Financing Approval

Dear Mr. and Mrs. Woodley,

I would like to notify you that we cannot obtain Financing Approval by
now.

I ask you to extend the closing date which I will try to find out as
soon as I can.

(signed) Thomas Tuan Nguyen      

There was no closing the next day.  However, Nguyen=s attorney sent a
letter to the Woodleys giving notice that Nguyen had allegedly not yet received
several items required by the contractCspecifically, a
commitment of title insurance, a list of standard exceptions to this
commitment, and legible copies of the restrictive covenants.  Nguyen=s attorney
requested  the Woodleys= written permission for Nguyen to engage
workersCat his own expenseC to repair the
roof as required by the lender.  Further, he reiterated that Nguyen=s lender would not
fund the loan at closing unless the repairs were made.  Finally, Nguyen=s attorney
described his client as Aready, willing and able@ to consummate the
purchase provided that certain contractual requirements were met and that he be
permitted to make the required repairs to the residence. 

Meanwhile, Nguyen, through his broker, continued to
negotiate with Washington Mutual in order to facilitate funding the loan.  On
Monday, October 23, Washington Mutual  agreed to a Ahold back@ wherein a portion
of the loan amount would be held in escrow in order to cover the cost of
repairs after closing of the sale.  Nguyen=s broker
communicated this information to the Woodleys= broker that
afternoon.  The next morning the Woodleys= broker
communicated this development to the Woodleys, suggesting that Aif you are willing
to go forward@ the deal could possibly close on Thursday, October
26.








Later that afternoonCstill Tuesday,
October 24CNguyen=s broker informed the Woodleys= brokers that
Washington Mutual had approved Nguyen=s loan status
based on a new agreement regarding the repairs.  She stated that, AWe are now ready
to close,@ suggesting either the next day (Wednesday) or
Thursday for closing.  

A few hours later, the Woodleys= brokers replied
that they had shared the latest developments with Mr. Woodley; however, A[Woodley]
considers the prior contract on the subject property to be expired.@  The brokers
stated that Mr. Woodley would accept a new contract for sale of the residence
with new terms, including an $28,000 increase in the sale price, $10,000
additional earnest money to be non-refundable, closing on or before November 3,
and Nguyen escrowing his own funds for the repairs at closing.  Further, the
Woodleys= brokers stated
that the residence was Aactive on the MLS,@ and strongly
suggested that if Nguyen remained interested in the property he should prepare
a new contract for sale reflecting the new terms.

On Wednesday, October 25, Washington Mutual sent its
closing instructions along with its check for the purchase price to the title
company; however, the sale did not close.  

Nguyen filed suit against the Woodleys in November 2006,
seeking specific performance on the contract to complete the sale, as well as
attorney=s fees.  In response,
the Woodleys counter-sued Nguyen in January 2007, seeking money damages based
on Nguyen=s alleged breach of the contract, attorney=s fees, and
declaratory relief that both the contract and Nguyen=s Affidavit of
Interest in Real Property[1]
were invalid.  In April 2007, the Woodleys filed a motion for traditional and
no-evidence summary judgment.  That same month, Nguyen filed his own motion for
summary judgment.








On September 11, 2007, the trial court issued an order
entitled AFinal Summary Judgment,@ granting the
Woodleys= motion for both
traditional and no-evidence summary judgment, and denying Nguyen=s motion.  The
order awarded the Woodleys $20,690.13 as attorney=s fees;
$53,458.20  Arepresenting mortgage, electric, insurance, yard
maintenance and property taxes incurred from November 2006 through July 2007@; $10,000 for loss
of salvage value of kitchen appliances; attorney=s fees contingent
upon potential appeals; and pre- and post-judgment interest.  It further
ordered Nguyen to pay the Woodleys $5,939.80 per month commencing August 1,
2007 and on the first of each month thereafter until the judgment is paid in
full.

In October 2007, the Woodleys filed a motion for judgment
nunc pro tunc, requesting that the trial court modify its September 11 order by
adding this language: AIT IS THEREFORE ORDERED that Defendants,
George H. Woodley, Jr. and Marcy T. Woodley, Motion for Traditional Summary
Judgement and No Evidence Summary Judgement is GRANTED in its entirety, and
that Plaintiff=s Motion for summary judgement is DENIED, and that all
of the claims and causes of action asserted by Plaintiff, Tom Tuan Nguyen,
against said Defendants are hereby dismissed with prejudice.@  On October 9,
the trial court granted this motionCsave for its
deletion of the phrase Awith prejudice.@








Later that same month, Nguyen filed a motion to reconsider
the summary judgment or, alternatively, for new trial.  In December 2007, the
Woodleys also filed a motion to reconsider.[2] 
On December 10, 2007, the trial court issued a second AFinal Summary
Judgment Order.@  This orderCas prepared by the
WoodleysCwould have granted
all the relief present in the September 11 order.  However, Judge Thomas R.
Culver, in signing the order, specifically drew a line through the language
awarding any damages to the Woodleys other than attorney=s fees, and then
signed the page Adeleted TR Culver Judge.@  Further, the
order provided, AThis judgment finally disposes of all
claims and all parties and is appealable.@[3]  Nguyen
subsequently filed a timely notice of appeal.

In February 2008, the Woodleys filed a motion to dismiss
for want of jurisdiction with this court.  In their motion, the Woodleys
asserted that the trial court=s December 10, 2007 order was not a final,
appealable order, and so this court lacked jurisdiction to hear Nguyen=s appeal.  After
reviewing Nguyen=s response, this court denied the motion
on March 6.

On February 28, the Woodleys filed a motion for judgment
nunc pro tunc in the trial court.  Specifically, the Woodleys asked the trial
court to change the title of its order from AFinal Summary
Judgment@ to APartial Summary
Judgment,@ and to delete the sentence, AThis judgment
finally disposes of all claims and all parties and is appealable.@  The trial court
granted this motion on March 3, signing a APartial Summary
Judgment Nunc Pro Tunc@ order that mirrored its December 10, 2007
order in all respects except for deletion of the Afinally disposes@ language.  On
March 17, this court made a sua sponte request for briefing from both
parties on the question of this court=s jurisdiction. 
Both parties filed responses with the court.  On April 23, the Woodleys filed
with this court a second motion to dismiss for want of jurisdiction.  On May
29, this court denied this motion. 

ANALYSIS

I.  Jurisdiction

Before we can address the merits of this case, we must
first consider the Woodleys= cross-point regarding this court=s earlier
dismissals of two motions to dismiss for want of jurisdiction.  Appellate
jurisdiction is fundamental, and, if the present case is an appeal over which
we have no jurisdiction, then the appeal must be dismissed.  Matthews v.
Cohen, 807 S.W.2d 605, 606 (Tex. App.nHouston [14th
Dist.] 1991, no writ).  If the present case is an appeal over which we have no
jurisdiction, then the appeal must be dismissed.  Id.  








As a general rule, an appeal may be taken only from a final
judgment.  Lehmann v. Har‑Con Corp., 39 S.W.3d 191, 195 (Tex.
2001).  A judgment issued without a conventional trial is final only if it
either actually disposes of all claims and parties before the court, or it
states with unmistakable clarity that it is a final judgment.  See id. at
200.  In the case at bar, the December 10, 2007 AFinal Summary
Judgment@ is a final,
appealable judgment expressly disposes of all claims and all parties, stating
with unmistakable clarity that it is a final judgment, i.e., it expressly
states that it disposes of all parties and claims and is final and appealable.  See
id. at 206.  However, the Woodleys argue that this apparent finality was
the result of clerical error later corrected by the judgment nunc pro tunc of
March 3, 2008, which modified the December 10 order from a AFinal Summary
Judgment@ to a APartial Summary
Judgment.@  If valid, this revision would render the order
interlocutory in nature, depriving this court of jurisdiction over the appeal. 
See Tex. Civ. Prac. & Rem. Code Ann. __ 51.012, 51.014
(Vernon 2008).  








In Inglish v. Union State Bank, the Texas Supreme
Court held that a judgment nunc pro tunc could not modify a final, appealable
summary-judgment order into an interlocutory order. 945 S.W.2d 810, 811 (Tex.
1997).  While the Court=s holding in Inglish was an
application of the prior Mafrige standard for determining final
appealable summary-judgment orders, see id., the Inglish holding
remains valid under the current standard as stated in Lehmann v. Har-Con
Corporation[4]
as the order at issue in Inglish purported to be final by stating that
plaintiff Inglish take nothing in his case against Union State Bank, the only
adverse party in the suit.  See id. (summary judgment order, entered in
response to motion attacking only three of plaintiff=s six claims, was
final and appealable when reciting that no genuine issues of material fact
remained, directing that plaintiff take nothing, and, thus, purporting to be
final); see also Lehmann, 39 S.W.3d at 205 (language that plaintiff take
nothing by his claims, or that case is dismissed, shows finality if there are
no other claims by other parties).

The trial court=s December 10,
2007 summary judgment order was a final, appealable judgment because it
expressly disposed of all claims and all parties.  See Lehmann, 39
S.W.3d at 206.  The trial court=s plenary power over this judgment expired
on January 9, 2008.  See Tex.  R.  Civ.  Proc. 329b.  The trial court
could not use a judgment nunc pro tunc to change its December 10 summary
judgment from a final judgment into an interlocutory order on March 3, 2008,
after the trial court had lost plenary power.  See Inglish, 945 S.W.2d
at 811.  Consequently, the trial court=s December 10,
2007 summary judgment remains a final, appealable judgment from which Nguyen
has timely appealed.  See Lehmann, 39 S.W.3d at 195.  Therefore, this
court has appellate jurisdiction, and we overrule the Woodley=s cross-point on
appeal.

II.  Summary Judgment

Nguyen appeals the trial court=s final summary
judgment on the basis that the trial court erred in granting the Woodleys= motion for both
traditional and no-evidence summary judgment, and in denying Nguyen=s motion for
summary judgement. 

A.  Standard of Review








We review the trial court's grant of summary judgment de
novo. Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 156‑57
(Tex. 2004).  In reviewing a traditional summary judgment, we consider whether
the successful movant at the trial level carried the burden of showing that
there is no genuine issue of material fact and that judgment should be granted
as a matter of law. KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,
988 S.W.2d 746, 748 (Tex. 1999). To be entitled to a traditional summary judgment,
a defendant must conclusively negate at least one essential element of each of
the plaintiff=s causes of action or conclusively establish each
element of an affirmative defense. Science Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997).  If the movant's motion and summary-judgment
evidence facially establish its right to judgment as a matter of law, the
burden shifts to the nonmovant to raise a genuine, material fact issue
sufficient to defeat summary judgment. M.D. Anderson Hosp. & Tumor Inst.
v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000).

In reviewing a no-evidence summary judgment, we ascertain
whether the nonmovant pointed out summary-judgment evidence of probative force
to raise a genuine issue of fact as to the essential elements attacked in the
no-evidence grounds.  Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d
193, 206-08 (Tex. 2002). A no-evidence summary judgment must be granted if the
party opposing the motion does not respond with summary-judgment evidence that
raises a genuine issue of material fact.  See Arguelles v. Kellogg Brown
& Root, Inc., 222 S.W.3d 714, 723 (Tex. App.CHouston [14th
Dist.] 2007, no pet.).  In our de novo review of a trial court's summary judgment,
we consider all the evidence in the light most favorable to the nonmovant,
crediting evidence favorable to the nonmovant if reasonable jurors could and
disregarding contrary evidence unless reasonable jurors could not.  Mack
Trucks, Inc. v. Tamez,  206 S.W.3d 572, 582 (Tex. 2006).  The evidence
raises a genuine issue of fact if reasonable and fair-minded jurors could
differ in their conclusions in light of all of the summary-judgment evidence. Goodyear
Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 755-56 (Tex. 2007). 

When both parties move for summary judgment on the same
issues and the trial court grants one motion and denies the other, the
reviewing court considers the summary‑judgment evidence presented by both
sides, determines all questions presented, and renders the judgment the trial
court should have rendered. Valence Operating Co. v. Dorsett, 164 S.W.3d
656, 661 (Tex. 2005).  








B.  Woodleys= Motion for
Summary Judgment

Under his first issue, Nguyen asserts that the trial court
erred in granting the Woodleys= motion for summary judgment.  Nguyen
argues that the trial court erred in granting the Woodleys= traditional
motion for summary judgment because the Woodleys failed to prove as matter of
law that there was no genuine issue of material fact to at least one element of
Nguyen=s specific
performance claim.  

Nguyen filed suit for specific performance of the October
3, 2006 earnest money contract to buy the Woodleys= residence.  Among
other things, to be entitled to specific enforcement of a contract, a party
must show that the contract in question is valid and enforceable.  See
Abraham Inv. Co. v. Payne Ranch, Inc., 968 S.W.2d 518, 527  (Tex. App.CAmarillo 1998,
pet. denied).  The Third Party Financing Condition Addendum (Athe addendum@) to the contract
states:

If Buyer cannot obtain Financing Approval, Buyer may
give written notice to Seller within 20 days after the effective date of this
contract and this contract will terminate and the earnest money will be
refunded to Buyer.

(emphasis added). 

The record reflects that on October 19, 2006, Nguyen sent
the Woodleys a AWritten notice to Seller about Financing
Approval@ by email, in
which Nguyen stated that Awe cannot obtain Financing Approval by now@Cinvoking almost
verbatim the above language of the addendum describing a notice by Buyer that
terminates the contract.  As this notice was given by Nguyen within twenty days
after the contract became effective, the addendum mandates that this notice
effectively and immediately terminated the contract.  On appeal, Nguyen argues
that the contract was not conditioned on financing approval, and that Nguyen
obtained financing approval by the closing deadline. 








Nguyen=s first argument is contrary to the
language of the contract itself which provides in paragraph 4.A.(2)(a) (under
the heading AFinancing Approval@), AThis contract is
subject to Buyer being approved for the financing described in the attached
Third Party Financing Condition Addendum.@ This is an
elective subparagraph, and the box next to this language is checked to indicate
inclusion of this subsection as a material term to the contract.  Consequently,
the contract was conditioned on financing approval according to its express
terms.

Nguyen=s second argument that he obtained financing
approval by the closing deadline is both inaccurate and irrelevant.  First and
foremost, the addendumCintegrated into the body of the contract
by paragraph 22Cstates that the contract will terminate
upon notice of the Buyer=s inability to secure Financing Approval
for the sale.  Again, Nguyen=s notice of his inability to secure
financing of the saleCgiven on the night before the scheduled
closingCautomatically
terminated the contract according to its terms.  Through this email, Nguyen
exercised his option to unilaterally terminate the contract and thereby protect
his earnest money.  








Nguyen also argues that the condition of the property is
not an aspect of Afinancing approval@ as defined by the
contract.  However, even if this were so, that would not stop Nguyen from
giving notice that he cannot obtain Financing Approval.  Because Nguyen did so,
the contract terminated by its own terms on October 19, it was not a valid
contract to be enforced after that date.[5] 
See In re Neutral Posture, Inc., 135 S.W.3d 725, 730 (Tex. App.CHouston [1st
Dist.] 2003, no pet.) (contract provision was unenforceable after it expired
according to its own terms).  Consequently, its terms may not be specifically
enforced.  See Abraham Inv. Co., 968 S.W.2d at 527.  Because the
Woodleys demonstrated that there is no genuine issue of a material fact related
to an essential element of Nguyen=s claim and that
they are entitled to judgment as a matter of law, the trial court correctly 
granted the Woodleys= traditional motion for summary judgment.[6]

C.  The Woodleys= Award of Attorney=s Fees

Under his first issue, Nguyen also asserts that the trial
court erred by awarding  attorney=s fees to the
Woodleys because this award was based on the right under the contract of a Aprevailing party@ to recover its
attorney=s fees and because
the Woodleys are no longer prevailing parties if this court reverses the
summary judgment in favor of the Woodleys.  Because we do not reverse the trial
court=s summary
judgment, this argument lacks merit.  Accordingly, Nguyen=s first issue on
appeal is overruled.

D.  Nguyen=s Motion for
Summary Judgment

In his second issue, Nguyen argues that the trial court
erred in denying his motion for summary judgment against the Woodleys in his
suit for specific performance.  As we have discussed supra, the contract
terminated on October 19, 2008, making it impossible for Nguyen to prove the
elements of specific performance as a matter of law.  See Abraham Inv. Co.,
968 S.W.2d at 527.  Consequently, the trial court did not err in denying Nguyen=s motion for
summary judgment.  Nguyen=s second issue is overruled.

 

 

 

 

 

 








                                          Conclusion

For the reasons stated above, we affirm the trial court=s December 10,
2007 judgment granting summary judgment to the Woodleys, denying summary
judgment to Nguyen, and awarding attorney=s fees to the
Woodleys.

 

 

/s/      Ken Wise*

Justice 

 

 

 

Panel consists of Justices Frost,
Brown, and Wise.









[1]  The Woodleys alleged that Nguyen filed an Affidavit
of Interest in Real Property on the home in the Fort Bend County real property
records, resulting in a cloud on their title. Consequently, they allege that
they were unable to sell the home to another buyer and were forced to pay for
the mortgage, maintenance, and property taxes on the residence.





[2]  The Woodleys=
motion to reconsider makes reference to a November 21, 2007 hearing on Nguyen=s motion to reconsider which resulted in a
modification to the September 11, 2007 final summary judgment order.  However,
there is no other reference to either this hearing, or any resulting orders, in
the appellate record.





[3]  This language was not interlineated by Judge Culver,
but was already in the proposed order submitted by the Woodleys.





[4]  AAn order does
not dispose of all claims and all parties merely because it is entitled >final=, or because
the word >final= appears
elsewhere in the order, or even because it awards costs. Nor does an order
completely dispose of a case merely because it states that it is appealable,
since even interlocutory orders may sometimes be appealable. Rather, there must
be some other clear indication that the trial court intended the order to
completely dispose of the entire case.@  Lehmann v. Har‑Con Corp., 39 S.W.3d 191, 205 (Tex. 2001). 
The Lehmann court went on to say, AA statement like, >This judgment finally disposes of all parties and all
claims and is appealable,= would leave no doubt about the
court=s intention.@ Id.  at 206. 





[5]  Nguyen asserts that this email was not a definite
and unequivocal manifestation of intention not to perform that would rise to
the level of a repudiation.  However, the issue here is whether the email is a
notice that terminates the contract under the Third Party Financing Condition
Addendum, not whether the email satisfies the requirements for a common law
repudiation of the contract.





[6]  Nguyen asserts that this ground regarding the
termination of the contract based on the  October 19, 2006 email, was not
contained in the Woodleys motion for summary judgment.  However, this ground
was contained in the Woodleys= supplement to
their motion for summary judgment, which the trial court granted them leave to
file.  





*  The Honorable Ken Wise, Judge of the 152nd District Court of Harris
County, sitting by assignment pursuant to Tex. Gov=t Code Ann. Sec. 74.003(h) (Vernon
2005).